# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| IceMOS Technology Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Omron Corporation,<br><br>    Defendant. | **NO. CV-17-02575-PHX-JAT**<br><br>**RULE 16 SCHEDULING ORDER** |

On August 8, 2018, a Scheduling Conference was held in open Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. Prior to the conference, the parties filed a joint Rule 26(f) Proposed Case Management Plan. Pursuant to the terms of the Plan and the representations made by the parties at the Scheduling Conference, all parties were ordered to comply with the deadlines established in this Order.

**IT IS THEREFORE ORDERED** that the current provisions of the Federal Rules of Civil Procedure shall apply to all proceedings concerning this case, except to the extent they are inconsistent with Gen. Ord. No. 17-08 (D. Ariz. Apr. 14, 2017), in which case the General Order controls.

**IT IS FURTHER ORDERED** that all mandatory initial discovery responses must be made within the deadlines set by Gen. Ord. No. 17-08 (D. Ariz. Apr. 14, 2017).

///

**IT IS FURTHER ORDERED** that the parties shall file a notice of service of their initial responses and later supplements consistent with Gen. Ord. No. 17-08 (D. Ariz. Apr. 14, 2017) at 3, ¶7.

**IT IS FURTHER ORDERED** that any motion to amend the Complaint shall be filed no later than **October 5, 2018**.  If no amended complaint is filed, any motion to amend the Answer shall be filed no later than **October 19, 2018**.

**IT IS FURTHER ORDERED** that the party with the burden of proof on an issue shall make all expert disclosures required by the Federal Rules of Civil Procedure no later than **March 8, 2019**.  The responding party (not having the burden of proof on the issue) shall make all expert disclosures required by the Federal Rules of Civil Procedure no later than **April 5, 2019**.[1]  The party with the burden of proof on the issue shall make its rebuttal expert disclosure, if any, no later than **April 26, 2019**.  No deposition of any expert witnesses shall occur before the disclosures concerning expert witnesses mandated by this Order are made.

**IT IS FURTHER ORDERED** that all discovery, including depositions of parties, witnesses, and experts, answers to interrogatories, and supplements to interrogatories must be completed by **May 17, 2019**.  Fact Discovery must be completed by **February 8, 2019**.  In no event, however, shall this provision alter the duties and obligations imposed on the parties by Federal Rule of Civil Procedure 26(e) (and the parties must comply with Rule 26(e) within the deadline set by Gen. Ord. No. 17-08 (D. Ariz. Apr. 14, 2017) at 3, ¶8).  This Order contemplates that each party will conduct discovery in an expeditious manner so as to **complete, within the deadline, any and all discovery**.[2]  Further, in

---

[1] If no expert disclosure is made by a party who has the burden of proof on an issue by the initial expert disclosure deadline, all initial expert disclosures by the party who does not have the burden of proof on an issue shall be made no later than the responding party deadline.  A party responding to this type of disclosure shall do so by the rebuttal disclosure deadline.

[2] As set forth in the Order Setting Rule 16 Scheduling Conference, the Court will not entertain discovery disputes after the close of discovery barring extraordinary circumstances.  Therefore, the parties shall **complete** all discovery by the deadline set forth in this Order (**complete** being defined as including the time to propound discovery, the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the

- 2 -

responding to Requests for Admissions, Requests for Production, or Interrogatories, the parties are cautioned that the Federal Rules of Civil Procedure do not permit "general" or "global" objections. Accordingly, the Court will not consider nor rule on objections that are not specific to the individual request propounded.

**IT IS FURTHER ORDERED** that notwithstanding any provisions of the Federal Rules of Civil Procedure or any other provisions of this Order, non-party witnesses shall **not** be permitted to attend, either physically, electronically, or otherwise, the deposition of any other witness in this case without an Order of this Court to the contrary.

**IT IS FURTHER ORDERED** reminding counsel of their duty under Rule 26(e) of the Federal Rules of Civil Procedure to supplement all mandatory initial discovery responses and responses to other discovery requests within the 30- days-from-discovery-or-revelation deadline set by Gen. Ord. No. 17-08 (D. Ariz. Apr. 14, 2017) at 3, ¶8. The Court requires that all evidence to be offered at trial (other than impeachment evidence) be contained in the Joint Proposed Final Pretrial Order. Therefore all exhibits and witnesses that may be offered at trial must be disclosed before the discovery deadline and sufficiently in advance of the deadline that meaningful discovery necessitated by such disclosures can reasonably be completed before the discovery deadline. This Order therefore supersedes the "thirty-day before trial" disclosure deadline contained in Rule 26(a)(3) and the "by the fact discovery" default deadline contained in Gen. Ord. No. 17-08 (D. Ariz. Apr. 14, 2017). Therefore (1) failure to have timely supplemented a mandatory initial discovery response, including but not limited to witnesses and exhibits, (2) failure to have timely supplemented responses to any other valid discovery requests, or (3) attempting to include any witnesses or exhibits in the **joint** Proposed Final Pretrial Order that were not previously disclosed in a timely manner so as to allow for meaningful discovery prior to the discovery deadline set forth in this Order, may result in the

---

Court's ruling on any discovery disputes). Thus, "last minute" or "eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and may result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

1 exclusion of such evidence at trial or the imposition of other sanctions (including
2 attorneys fees).

3 **IT IS FURTHER ORDERED that discovery motions are prohibited**. <u>In the
4 event of a discovery dispute, the parties shall jointly contact the Court via conference call
5 to request a telephonic conference.</u>  The parties shall <u>not</u> contact the Court regarding a
6 discovery dispute unless they have been unable to resolve the dispute themselves after
7 personal consultation[3] and sincere efforts to do so, **and they are prepared to state to the
8 court that they agree what is in dispute.**  The parties shall <u>not</u> file any written materials
9 related to a discovery dispute without express leave of Court.  If the Court does order
10 written submissions, the movant shall include a statement certifying that counsel could
11 not satisfactorily resolve the matter after personal consultation and sincere efforts to do
12 so in accordance with Civil Local Rule 7.2(j).

13 **IT IS FURTHER ORDERED** that all dispositive motions shall be filed no later
14 than **<u>June 14, 2019</u>**.  Such motions must be, in all respects, in full compliance with the
15 Civil Local Rules.

16 **IT IS FURTHER ORDERED** that each party shall file **<u>no more than one
17 motion for summary judgment</u>** unless leave of Court is obtained.  To obtain leave of
18 Court, a party shall file a motion setting forth the reasons justifying the filing of more
19 than one summary judgment motion and/or the reasons the party seeks leave to exceed
20 the page limits set forth in Civil Local Rule 7.2(e).

21 **IT IS FURTHER ORDERED** that all parties are hereby specifically admonished
22 that failure to respond to a motion by serving and filing an answering memorandum
23 within the time period expressly provided for in Civil Local Rule 7.2(c), 56.1(b) and/or
24 12.1(b) may be deemed a consent to the denial or granting of the motion and the Court
25 may dispose of the motion summarily pursuant to Civil Local Rule 7.2(i).

26 **IT IS FURTHER ORDERED** that, the parties shall not notice oral argument on
27 any motion.  Instead, a party desiring oral argument on a motion shall request argument

---

[3] If represented by counsel, <u>lead</u> counsel must be on the conference call and have participated in the personal consultation.

- 4 -

by placing **"Oral Argument Requested"** immediately below the title of such motion. The Court will then issue a minute entry order scheduling the oral argument if it deems one necessary.

**IT IS FURTHER ORDERED** that any and all motions, requests, or stipulations for extensions of time shall be made in accordance with the provisions of Civil Local Rule 7.3.  Notwithstanding this directive, however, if such motion, request, or stipulation seeks an extension of time in which to file a memorandum in response or in reply to a motion previously noticed for oral argument, under no circumstances shall such motion, request, or stipulation seek an extension that would preclude the Court from having at least **thirty (30) days** from the due date for the filing of the reply memorandum to consider the merits of the underlying motion unless the motion, request, or stipulation also seeks to vacate the oral argument.  Any motion, request, or stipulation that seeks both an extension of time and the vacating of oral argument shall contain a memorandum of points and authorities that demonstrates good cause for the Court to grant the requested extension.  The deadlines set forth in this Order are the deadlines by which a party must file documents with the Court, in addition to serving opposing counsel, notwithstanding Federal Rule of Civil Procedure 5(d).

**IT IS FURTHER ORDERED** that, if no dispositive motions are pending before the Court after the dispositive motion deadline has passed, **Plaintiff(s) shall file and serve a Notice of Readiness for Final Pretrial Conference within ten (10) days of the dispositive motion deadline**.

**IT IS FURTHER ORDERED** that, if dispositive motions are pending before the Court following the dispositive motions deadline, **Plaintiff(s) shall file and serve a Notice of Readiness for Final Pretrial Conference within ten (10) days of the resolution of the last dispositive motion.**[4]

**IT IS FURTHER ORDERED** that the Order Setting Final Pretrial Conference

---

[4] Though the Court discourages the filing of motions for reconsideration, should a party choose to file a motion for reconsideration of an interlocutory order, such party shall file such motion under the standard set forth in *Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

will: (1) set deadlines for the filing of and response to motions in limine; (2) instruct the parties on their duties in preparing for the Final Pretrial Conference and for trial; and (3) include a form for the completion of the parties' **joint** Proposed Final Pretrial Order.

**IT IS FURTHER ORDERED** that because the deadlines set forth herein will trigger setting a trial date, the Court deems these deadlines to be the equivalent of a firm trial date.

**IT IS FURTHER ORDERED** that all motions for an award of attorneys' fees shall be accompanied by an electronic spreadsheet, to be e-mailed to the Court and opposing counsel, containing an itemized statement of legal services with all information required by Local Rule 54.2(e)(1). This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested so as to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the moving party of its burden under Local Rule 54.2(d) to attach all necessary supporting documentation to its memorandum of points and authorities filed in support of its motion. A party opposing a motion for attorneys' fees shall e-mail to the Court and opposing counsel a copy of the moving party's spreadsheet adding any objections to each contested billing entry (next to each row, in an additional column) so as to enable the Court to efficiently review the objections and recompute the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the non-moving party of the requirements of Local Rule 54.2(f) concerning its responsive memorandum.

**IT IS FURTHER ORDERED** that the parties shall keep the Court informed regarding the possibility of settlement and, should settlement be reached, the parties shall file a Notice of Settlement with the Clerk of the Court.

///

///

**IT IS FURTHER ORDERED** that the Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure.

Dated this 8th day of August, 2018.

James A. Teilborg
Senior United States District Judge