**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IceMOS Technology Corporation, | No. CV-17-02575-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Omron Corporation, | |
| Defendant. | |

On May 10, 2019, the Court issued the following Order:

> Pending before the Court is a motion to seal. (Doc. 176). It fails to comply with the protective order and will be denied as such. (Doc. 87 at 6-7).[1]
>
> Moreover, the Court has reviewed the lodged document, and it is a discovery dispute filed without leave of Court. (*See* Doc. 35 at 4). Thus, it is procedurally improper.
>
> Finally, the lodged document is untimely. Fact discovery closed in this case on February 22, 2019. (Doc. 101). The Rule 16 scheduling order states,
>
>> As set forth in the Order Setting Rule 16 Scheduling Conference, the Court will not entertain discovery disputes after the close of discovery barring extraordinary circumstances. Therefore, the parties shall complete all discovery by the deadline set forth in this Order (complete being defined as including the time to propound discovery, the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes). Thus, "last minute" or "eleventh hour" discovery which results in insufficient time to undertake

---

[1] The protective order requires: "Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document."

| | |
|---|---|
| 1 | additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and may result in |
| 2 | denial of an extension, exclusion of evidence, or the imposition of other sanctions. |
| 3 | (Doc. 35 at 2 n. 2). The underlying motion was filed May 10, 2019, approximately 12 weeks after the close of fact discovery, and is, thus, untimely.[2] |

Based on the foregoing,

**IT IS ORDERED** that the motion to seal (Doc. 176) is denied as procedurally improper. The Clerk of the Court shall leave Doc. 177 lodged, under seal.

**IT IS FURTHER ORDERED** that the Court will not entertain the arguments in Doc. 177 for the reasons stated herein.

(Doc. 179) (footnotes in original).

Plaintiff has moved to reconsider this Order. Plaintiff makes several unpersuasive arguments.

First, Plaintiff claims that this Court has misinterpreted its own scheduling Order (quoted above). Of course, the Court knows what it meant by the scheduling order and explained it to the parties at the Rule16 conference. Specifically, the Court stated,

> The next deadline which would follow … would be the discovery cutoff. That's the date after which no new discovery can be initiated. Almost as obvious is that is the date by which the party, the responding party will have enough time to respond in accordance with the time provided for by the rules.
>
> **Not quite as obvious, though, is that's also the date … after which I am through dealing with discovery disputes. So in deciding your time line for discovery, you need to make sure that you've provided enough time in your time line for the first two points, and enough time in the time line to allow for you, the propounding party, to make sure that <u>you're satisfied with the responses. And enough time, if you're not satisfied with the responses, to set up a discovery dispute with the court.</u> And enough time for the court, after hearing the discovery dispute, to issue any remedial discovery orders that might be called for.** So there needs to be enough time in your planning for all of that to take place.
>
> The order that issues out of today's hearing will make a point that the court looks with disfavor on eleventh hour discovery disputes. And what is an eleventh hour is a bit of a relative concept, because if I get a call and I'm available on the last day of discovery that there is a deposition undertaken, deposition proceeding at that moment, and there is some problem with the witness not answering the question or one of the parties making too many obnoxious objections, and if I'm available, I may take that, even on the last day of discovery.
>
> On the other hand, if it's a discovery dispute involving multiple issues, perhaps, with lots of documents, I may decide that getting that to me a week

---

[2] This Court's May 9, 2019 Order extending the future deadlines in this case by stipulation of the parties did not mention or revive the then expired fact discovery deadline.

- 2 -

> before the discovery cutoff is an eleventh hour. And I had one recently where I probably had 15 or 20 different issues and that was a week before the discovery cutoff, and I came close to simply choosing not -- choosing to treat that as an eleventh hour discovery dispute.
>
> So my point is if you save lots of issues for a discovery dispute approaching that discovery cutoff, you run the risk the court will simply elect to treat it as an eleventh hour discovery dispute that I'm not going to deal with. So the message is, obviously, to proceed with your discovery with alacrity and not allowing yourself to get close to that discovery cutoff.

(Doc. 39 at 10-12) (emphasis added). Accordingly, the Court will not reconsider the May 10, 2019 order on the basis that the Court misconstrued its own scheduling order.

Second, Plaintiff argues that the Court has somehow relieved Defendant from the duty to supplement. The May 10, 2019 Order has no impact on the duty to supplement. However, the Court reminds the parties that this Court's Rule 16 Order specifically addresses this issue (Doc. 35 at 3-4) and governs this case.

Third, Plaintiff argues that it needed time to work with Omron to try to resolve this issue before bringing it to the Court. Again, the Court cautioned the parties that "working together" would not be a basis for engaging in discovery beyond the discovery deadline. Specifically, the Court stated,

> One other point is worth mentioning, and that is illustrated by a case I had years ago where the parties had heard me say, you need to treat each other professionally and civilly and treat each other as you would hope to be treated, and in this case the parties took me, quite commendably, took me literally. And they had a discovery dispute and they were trying to work it out and going back and forth. And they were being very courteous, very professional to each other, but now days are going by, and finally weeks are going by, and finally months are going by. And then right on the eve of the discovery cutoff date they realize they can't get this resolved so now they come to me with a discovery dispute, and I'm sure with their fingers crossed hoping that I might extend the discovery cutoff.
>
> I don't remember what I did, but the point is if you've got a discovery dispute, yes, try to work it out, because whatever solution you work out with yourselves is probably going to be better than what I decide. **But otherwise agree to disagree at an early enough point where you're not in that predicament of being on the verge of the discovery cutoff and now you're coming to the court with a discovery dispute.**

(Doc. 39 at 15-16) (emphasis added). Thus, Plaintiff's claim that it needed more time to meet and confer before raising this issue (and apparently propounding more discovery (Doc. 180 at 4) ("The [March 23, 2019] Litigation Spreadsheet is the first time IceMOS

had any opportunity to request the trench monitoring material disclosed within it because that is the first time IceMOS learned of its existence."), is not a basis to reconsider this Court's May 10, 2019 order.

Fourth, Plaintiff argues that this is not a "discovery dispute." Plaintiff is simply in error. Defendant failing to produce documents Plaintiff seeks, for whatever reason, is a discovery dispute that was required to be resolved by the discovery deadline. (*See* Doc. 39 at 10-11).

Additionally, Plaintiff's complaint that at the last discovery dispute hearing the Court failed to set a deadline for Defendant to comply is also unpersuasive because, as all of the foregoing Orders make clear, Defendant's deadline was the close of discovery. Finally, Plaintiff has not shown good cause as to why it waited 12 weeks after the close of discovery to raise this issue, which would necessarily require an extension of the discovery deadline.[3]

///
///
///
///

---

[3] To amend a Rule 16 order, with the judge's consent, a party must generally show good cause. To meet its burden under Rule 16's "good cause" standard, the movant may be required to show:

> (1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 [O]rder; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted). The Ninth Circuit has also recognized that, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609. However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citations omitted).

Based on the foregoing,

**IT IS ORDERED** that the motion for reconsideration (Doc. 180) is denied.

Dated this 16th day of May, 2019.

James A. Teilborg
Senior United States District Judge