**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IceMOS Technology Corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Omron Corporation,<br><br>　　　　　　Defendant. | No. CV-17-02575-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Plaintiff's "motion for clarification." (Doc. 186). This motion for clarification is really a motion for reconsideration of a motion this Court has twice denied. Specifically, Plaintiff is dissatisfied with the discovery responses it has received from Defendant. As a result of this dissatisfaction, Plaintiff moved for sanctions. (Doc. 177). The Court denied that request. (Doc. 179). Plaintiff moved for reconsideration of the denial of the request for sanctions. (Doc. 180).[1] The Court denied that request. (Doc. 184).

As indicated above, Plaintiff now seeks "clarification" of the Court's scheduling order. However, Plaintiff is not really seeking clarification. Plaintiff is seeking reconsideration of the Court's refusal to reopen discovery. Nonetheless, the Court will "clarify" to the limited extent below.

---

[1] This motion for reconsideration should not be confused with Plaintiff's motion for reconsideration on a different discovery matter in which Plaintiff is dissatisfied with the Court's' ruling. (Doc. 170) (seeking reconsideration of Doc. 164, on which a stay was denied at Doc. 166). That motion will be addressed by separate order. This motion also should not be confused with Plaintiff's prior motion for reconsideration (Doc. 131) on a previous discovery matter (denied at Doc. 139).

Plaintiff poses 4 questions to the Court, (Doc. 186) that generally fall into two categories: 1) the discovery deadline; and 2) supplementation. Regarding the discovery deadline, Plaintiff seeks to understand how Plaintiff could have obtained the discovery it seeks. As the Court understands the timeline, Plaintiff propounded discovery. Defendant objected. The Court held a discovery dispute hearing and overruled Defendant's objections, thereby requiring Defendant to produce more discovery. Defendant complied (at least in part). Defendant's compliance caused Plaintiff to want more discovery (either new discovery learned of via these new disclosures; or more discovery Plaintiff believes was necessitated by the Court's order). Plaintiff cannot understand how it can obtain this additional discovery now that discovery is closed. The short answer is: Plaintiff cannot. However, as this Court's previous orders made clear, Plaintiff could have done everything Plaintiff seeks had Plaintiff raised this issue with the Court sooner.

For example, had Plaintiff raised this discovery dispute in early December 2018, and had Defendant produced the additional information in early January 2019, Plaintiff would have had time before the February 22, 2019 fact discovery deadline to either propound more discovery on Defendant and/or raise a further discovery dispute with the Court about the breadth of Defendant's compliance. However, Plaintiff did not raise this issue with the Court until a mere 9 days before the close of discovery; thereby not leaving itself enough time to do all of this follow-up it now seeks. As the previous order (Doc. 184) detailed, the Court issued many warnings about not putting yourself in this position, which Plaintiff failed to heed. As this point, fact discovery is closed.

Regarding supplementation, first, the need to supplement in a case like this should be rare or non-existent. Specifically, the parties had a duty to, in good faith, look for and produce all responsive discovery prior to the close of discovery. Thus, there should not be the "discovery" of responsive materials after the close of discovery. Phrased another way, supplementation is not a basis to engage in a rolling production. Responses should have been complete by the close of discovery.

Second, barring a case wherein there are on-going medical bills or other damages

being incurred, there should not be discovery that comes into existence after the close of discovery. Plaintiff has not explained any hypothetical situation in this breach of contract and fraud case (Doc. 59) wherein relevant evidence would still be being created. However, in such a circumstance, the MIDP Order controls. Gen. Ord. No. 17- 08 (D. Ariz. Apr. 14, 2017) at 3, ¶8. Thus, for a case such as this one, the Court does not anticipate significant, if any, post-close of fact discovery supplementation.

Finally, regarding on-going expert discovery "supplementation," again, responsive documents should all be produced by the deadlines set in the Rules. The duty to later supplement is not in lieu of timely production in the first instance. Further, the duty to supplement as it relates to experts is very limited. Specifically, the Rule state, "For an expert whose report must be disclosed under Rule 26(a)(a)(B), the party's duty to supplement extends to both information included in the expert's report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2). The deadline to complete these supplements is the close of expert discovery. While the Court cannot hypothesize a situation where, after the close of expert discovery, there would be "newly discovered" information that impacts either the report or the deposition, in such a circumstance, the deadline in the MIDP order would control.

Based on the foregoing,

**IT IS ORDERED** that the motion for clarification (Doc. 186) is granted to the extent clarification was provided herein but denied in all other respects.

**IT IS FURTHER ORDERED** Plaintiff shall not seek further reconsideration, clarification, or other exceptions to this Court's fact discovery deadline. If Plaintiff continues to seek reconsideration unjustifiably in this case, Defendant may move for sanctions if Defendant deems such request to be appropriate. *See* 28 U.S.C. § 1927.

Dated this 22nd day of May, 2019.

James A. Teilborg
Senior United States District Judge