**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IceMOS Technology Corporation, | No. CV-17-02575-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Omron Corporation, | |
| Defendant. | |

The Court ordered Plaintiff IceMOS Technology Corporation ("Plaintiff") to show cause as to why the Court should not strike Plaintiff's Offer of Proof (Doc. 360) and First Supplemental Offer of Proof (Doc. 387) (collectively, "Offers of Proof"). The Court now strikes both filings (Docs. 360, 387).

**I.  BACKGROUND**

On November 13, 2019, this Court granted, in part, partial summary judgment in favor of Defendant Omron Corporation ("Defendant"). (Doc. 355). The Court determined that, based on the undisputed material facts, Plaintiff cannot establish its lost profits claim, lost business value claim, or fraud claim as a matter of law. (*Id.* at 33). More specifically, the Court determined that Plaintiff cannot show reasonable certainty of either lost profits or lost business value damages under the applicable New York law. (*Id.* at 26, 28). Therefore, the Court concluded that, as a matter of law, lost profits and lost business value damages are not available to Plaintiff. (*See id.*). The Court also granted Defendant's *Daubert* motion seeking to exclude Plaintiff expert Greg Mischou's

testimony as irrelevant. (*Id.* at 33–34). Specifically, Mischou's expert testimony was only relevant to Plaintiff's lost business value damages, and thus, his testimony was no longer relevant. (*Id.*). Plaintiff did not file a timely motion for reconsideration. *See* LRCiv 7.2(g).

On December 10, 2019, Plaintiff filed its "Offer of Proof," a 262-page document (Doc. 360) with 2284 pages of attachments (*See* Docs. 381 to 386). Plaintiff asserts that the Offer of Proof "presents . . . in narrative form . . . the record to support [lost profits] and [lost business value] theories of recovery and [Plaintiff]'s fraud claim placing the evidence in its proper context; the parties' relationship over the *decade* they worked together (2007–2017)." (*Id.* at 9). According to Plaintiff, the Offer of Proof "is a specific, substantive offer of evidence with the facts placed in their proper context to demonstrate their relevance and is designed to demonstrate [Plaintiff's lost profit] and [lost business value] damages as foreseeable, contemplated by the parties, and capable of being proven in amounts that are not 'speculative' under New York law." (*Id.* at 10). Plaintiff then filed its ten-page First Supplemental Offer of Proof (Doc. 387), including 599 pages of attachments (Docs. 387-1 to 387-4), which purportedly offered more evidence relating to Plaintiff's lost profits and lost business value claims. (Doc. 387 at 2).

The Court ordered Plaintiff to show cause as to why its 272-page[1] Offers of Proof (Docs. 360, 387) should not be stricken as procedurally improper. (Doc. 393). The gravamen of Plaintiff's Response to the Order to Show Cause (Doc. 394) is that the Offers of Proof are appropriate at this time because they "demonstrate why [Plaintiff]'s [lost profit]/[lost business value] damages were foreseeable and not speculative as to either their existence or amounts under New York law," and thus, the Court should "allow the evidence to be presented to the jury." (*Id.* at 13). Alternatively, Plaintiff argues that the Offers of Proof should be included in the record now to avoid "the trial being burdened with numerous interruptions and delays" from presentation of the Offers of Proof at trial. (*Id.*). Defendant responds that Plaintiff's Offers of Proof (Docs. 360, 387)

---

[1] That number excludes attachments. With attachments, the Offers of Proof number 3155 pages. (Docs. 360, 381 to 387).

1 are untimely motions for reconsideration—not offers of proof—and thus, they should be stricken. (Doc. 395 at 5).

## II. OFFERS OF PROOF

As the Court made clear in the Order to Show Cause (Doc. 393), an "offer of proof must be particularized to meet a specific evidentiary ruling with a particularized, succinct, and specific description of the evidence that has been excluded." (*Id.* at 2); *see* 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5040.1, at 888–97 (2d ed. 2005) (discussing requirement of specificity). "A proper offer of proof informs the trial court of what counsel expects to prove by the excluded evidence and preserves the record so that an appellate court can review the trial court's decision for reversible error." *See Heyne v. Caruso*, 69 F.3d 1475, 1481 (9th Cir. 1995). Thus, there can be no offer of proof without an explicit evidentiary ruling. *See* Fed. R. Evid. 103(a) ("A party may claim error in *a ruling to . . . exclude evidence* only if the error affects a substantial right of the party and . . . [the] *party informs the court of its substance by an offer of proof . . . .*" (emphasis added)); *Clark v. Ryan*, No. CV 09-8006-PCT-JAT, 2012 WL 911514, at *8 (D. Ariz. Mar. 19, 2012); Wright & Graham, *supra*, § 5040, at 878–79 ("[H]owever sympathetic an appellate court may be, without an offer of proof the court cannot determine from the record whether there was any error in the exclusion of the evidence . . . ."). Even Plaintiff recognizes this fact, "[t]o the extent the proffered evidence *has been or is excluded*, Ninth Circuit case law is clear that, to preserve the issue for appeal, the party sponsoring the excluded [evidence] must have made a specific and definite attempt to introduce the evidence." (Doc. 392 at 2 (emphasis added) (citation omitted)).

Simply put, the Court's order granting summary judgment for Defendant on Plaintiff's lost profits claim, lost business value claim, and fraud claim (Doc. 355) was not an evidentiary ruling. And, the Court excluded Mischou's expert testimony because his testimony became irrelevant in light of the Court's partial summary judgment rulings. (Doc. 355). Plaintiff has not articulated any specific evidence that it asserts has been

erroneously excluded. Therefore, the Offers of Proof (Doc. 360, 387) are not actually offers of proof.

Plaintiff itself clarified in its Response to the Order to Show Cause (Doc. 394) that the so-called Offers of Proof (Docs. 360, 387) are not offers of proof at all. Indeed, Plaintiff "simply requests that the Court consider and rule on the Offers prior to trial, rather than requiring [Plaintiff] to engage in the unwieldy task of interrupting the trial in order to proffer the evidence and obtain rulings." (Doc. 394 at 9). But, Plaintiff does not stop there; Plaintiff then "requests that the Court allow the proffered evidence at trial, and submit the [lost profits]/[lost business value] damages issues to the jury." (*Id.*). Thus, Plaintiff requests that the Court either issue advanced rulings on evidentiary issues so that Plaintiff may avoid the "unwieldy task" of litigating its case at trial[2] or reconsider its order on summary judgment.[3] Neither purpose may be advanced through an offer of proof, which is designed to articulate what wrongly excluded evidence would have shown. The fact that Plaintiff requests advanced rulings on whether certain evidence will be admissible at trial illustrates that neither of its Offers of Proof (Docs. 360, 387) can be considered an offer of proof as Plaintiff has not obtained any ruling on whether the evidence within the Offers of Proof (Docs. 360, 387) are admissible.

In short, Plaintiff identifies no specific evidentiary ruling that it deems erroneous. Instead, Plaintiff states that the Offer of Proof (Doc. 360) "is a specific, substantive offer of evidence with the facts placed in their proper context to demonstrate their relevance and is designed to demonstrate [Plaintiff's lost profits] and [lost business value] damages

---

[2] Despite Plaintiff's concerns about the "unwieldly task" of presenting evidence during trial, the Court is aptly equipped to determine the relevance of evidence at trial. *Weatherly v. Ala. State Univ.*, No. 2:10CV192-WHA, 2012 WL 274754, at *14 (M.D. Ala. Jan. 31, 2012). Moreover, the Court is confident that Plaintiff's counsel is up to the task of responding to relevance objections at trial.

[3] The Court may not construe the Offers of Proof (Docs. 360, 387) as motions for reconsideration as they are untimely. *See* LRCiv 7.2(g) (providing a motion for reconsideration must be filed within fourteen days "after the date of the filing of the Order that is the subject of the motion"). Plaintiff filed its Offer of Proof (Doc. 360) on December 10, 2019, twenty-seven days after the order granting summary judgment in favor of Defendant on several of Plaintiff's claims. (Doc. 355). Plaintiff filed the First Supplemental Offer of Proof (Doc. 387) on December 13, 2019, thirty days after the Court issued the partial summary judgment order. (Doc. 355).

1  as foreseeable, contemplated by the parties, and capable of being proven in amounts that
2  are not 'speculative' under New York law." (*Id.* at 10). Plaintiff reiterated this sentiment
3  in response to the Order to Show Cause (Doc. 393): "The Offers demonstrate why
4  [Plaintiff]'s [lost profits]/[lost business value] damages were foreseeable and not
5  speculative as to either their existence or amounts under New York law," and thus, the
6  Court should allow both claims "to be presented to the jury." (Doc. 394 at 13). In other
7  words, Plaintiff's Offers of Proof (Docs. 360, 387) assert that the Court erroneously
8  granted summary judgment on these claims in finding that Plaintiff's lost profit and lost
9  business value damages were not reasonably certain, and thus, not available under New
10 York law.

An order granting partial summary judgment is not an evidentiary ruling, and the Court made no evidentiary ruling within its decision granting, in part, Defendant's partial summary judgment motion (Doc. 229).[4] An offer of proof is designed to "create[] a 'clear record that an appellate court can review to determine whether there was reversible error'" in an evidentiary ruling. Wright & Graham, *supra*, § 5040, at 877 (quoting *United States v. Adams*, 271 F.3d 1236, 1241 (10th Cir. 2001)). That clear record already exists in the form of the summary judgment record itself. Further, should Plaintiff appeal the Court's decision granting summary judgment (Doc. 355), the reviewing court will not go beyond what existed in the record on summary judgment. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). Plaintiff's Offers of Proof (Docs. 360, 387) were plainly not part of the record on summary judgment. Plaintiff's Offers of Proof (Docs. 360, 387) therefore do not advance the purpose of an offer of proof, which illustrates that they are not actually offers of proof.

---

[4] The Court certainly made a ruling excluding Mischou's expert testimony. (Doc. 355 at 33–34). However, the Court assumed that Mischou's expert testimony was admissible for purposes of deciding Defendant's partial summary judgment motion (Doc. 229). (Doc. 355 at 28 n.15). Mischou's expert testimony was only excluded *after* the Court determined that lost business value damages were unavailable. (*Id.* at 33 ("Mischou's expert testimony regarding Plaintiff's lost business value damages is now irrelevant in light of the Court's decision that these damages are unavailable.")).

Moreover, the Court reviewed 360 pages of documents (Docs. 308, 308-1 to 308-20) submitted by Plaintiff in ruling on Defendant's partial summary judgment motion (Doc. 229). The Offers of Proof (Docs. 360, 387)—272 pages of narrative with 2883 pages of attachments—are either duplicative of these documents or an attempt to add to the summary judgment record. Consequently, the Court either already considered this evidence as part of its decision granting partial summary judgment for Defendant (Doc. 355) or it will not consider the evidence because it was Plaintiff's obligation to ensure all relevant evidence was before the Court on summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986); *Jackim v. Sam's E., Inc.*, 378 F. App'x 556, 563 n.5 (6th Cir. 2010). At bottom, Plaintiff submitted an untimely motion for reconsideration masquerading as an offer of proof; Plaintiff's Offer of Proof itself says as much. (Doc. 394 at 9 ("[Plaintiff] requests that the Court allow the proffered evidence at trial, and submit the [lost profits]/[lost business value] damages issues to the jury.")).

Plaintiff also indicates it "is willing to do whatever the Court finds will most effectively inform the Court of the impact of its rulings while preserving the record related to the exclusion of any evidence for appeal." (Doc. 360 at 8). The Court is fully aware of the impact of its rulings granting partial summary judgment in favor of Defendant on Plaintiff's lost profit and lost business value claims. Evidence that is relevant only to lost profits or lost business value damages will not be admissible at trial as this evidence is not probative of any fact of consequence in the action. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."); Fed. R. Evid. 402. Evidence that is relevant to other issues that are in dispute will be admissible unless that evidence is inadmissible for some other reason. Fed. R. Evid. 401; Fed. R. Evid. 402.

In sum, Plaintiff seeks either advanced evidentiary rulings or reconsideration of the Court's order granting, in part, Defendant's partial summary judgment motion (Doc. 355). The Court will neither issue an advanced evidentiary ruling nor allow

Plaintiff to backdoor a motion for reconsideration by simply labeling it an "offer of proof." The Court strikes the Offers of Proof (Docs. 360, 387).

III. **MOTIONS TO SEAL**

Plaintiff has filed two motions to seal (Docs. 361, 388) in connection with its Offers of Proof (Docs. 360, 387). Because review of the unredacted materials (Docs. 362 to 380, 389) was unnecessary to the Court's determination that the Offers of Proof must be stricken, the motions to seal (Docs. 361, 388) are denied. *See Maui Elec. Co. v. Chromalloy Gas Turbine, LLC*, No. CIV. 12-00486 SOM, 2015 WL 1442961, at *16–17 (D. Haw. Mar. 27, 2015). Because the Offers of Proof (Docs. 360, 387) are stricken, the documents filed lodged under seal in connection with the Offers of Proof (Docs. 360, 387) are stricken as well but will remain under seal.

IV. **REQUEST FOR ATTORNEYS' FEES**

Defendant requests attorneys' fees under 28 U.S.C. § 1927 because it asserts the Offers of Proof (Docs. 360, 387) "unreasonably and vexatiously multiplied these proceedings." (Doc. 395 at 11). Plaintiff has requested leave to file a response to this request. (Doc. 396).

"[S]ection 1927 sanctions 'must be supported by a finding of subjective bad faith.'" *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989)); *see Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). Defendant did not make such a showing. (Doc. 395 at 11). Accordingly, the Court denies the request with prejudice. As such, Plaintiff's request for leave to a file a response (Doc. 396) is denied as moot, and the proposed, lodged response (Doc. 397) shall be stricken.

Going forward, no party shall request attorneys' fees under 28 U.S.C. § 1927 until after entry of judgment in this case. If a party believes it is entitled to attorneys' fees under 28 U.S.C. § 1927 due to conduct at any point during the course of litigation, the party must file *one* motion including every instance of objectionable conduct under 28

U.S.C. § 1927 within *thirty days* of judgment. The motion must also comply with LRCiv 54.2.

## V.     CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Clerk of Court shall strike the Offer of Proof (Doc. 360) and First Supplemental Offer of Proof (Doc. 387) from the record. This Order is without prejudice to future offers of proof that are particularized to meet a specific evidentiary ruling with a particularized, succinct, and specific description of the evidence that has been excluded.

**IT IS FURTHER ORDERED** that Plaintiff's motions to seal (Docs. 361, 388) are **DENIED** because review of the unredacted materials filed along with the Offers of Proof (Docs. 360, 387) were unnecessary to the Court's determination that the Offers of Proof (Docs. 360, 387) must be stricken. The Clerk of Court shall strike Docs. 362 to 380 and 389 from the record but leave them under seal.

**IT IS FURTHER ORDERED** that Defendant's request for attorneys' fees (Doc. 395) is **DENIED** with prejudice and Plaintiff's request for leave to file a response to the request (Doc. 396) is **DENIED** as moot. The Clerk of Court shall strike Plaintiff's lodged proposed response to the request for attorneys' fees (Doc. 397).

Dated this 17th day of January, 2020.

James A. Teilborg
Senior United States District Judge