**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IceMOS Technology Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Omron Corporation,<br><br>Defendant. | No. CV-17-02575-PHX-JAT<br><br>**ORDER** |

Pending before the Court are IceMOS Technology Corporation's ("Plaintiff") motions in limine (Docs. 399, 400, 401, 402, 403, 406, 407, 410, 411, 412) and Omron Corporation's ("Defendant") motions in limine (Docs. 413, 416, 419, 420, 421, 422, 423, 424). The parties have also filed motions to seal in connection with the motions in limine. (Docs. 404, 408, 414, 417, 425, 429, 443, 446, 449, 452). The Court now rules on the motions.

    **a.    Plaintiff's Motions in Limine**

        **1.    Plaintiff's First Motion in Limine (Doc. 399)**

Plaintiff first seeks to exclude two of Defendant's witnesses: Yoshio Sekiguchi and Yoshitake Ito. (Doc. 399). Plaintiff argues that these witnesses' failure to appear for deposition warrants exclusion. (*Id.*). Defendant counters that Plaintiff did not exercise reasonable diligence in seeking their appearance. (Doc. 432 at 3–4).

Plaintiff sent a notice of deposition to Defendant's counsel for Sekiguchi and Ito because Defendant listed counsel's address for their contact information as part of its initial

disclosure. (Doc. 399 at 2; Doc. 399-2). Defendant argues that it could not make Sekiguchi and Ito available for deposition because they are no longer employed by Defendant. (Doc. 432 at 2).

The "district court is vested with 'broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial.'" *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) (quoting *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980)). A witness may be excluded where that witness's testimony "would unfairly prejudice an opposing party." *See Campbell Indus.*, 619 F.2d at 27 (citation omitted); *Macoviak v. Provident Life & Acc. Ins.*, No. 03CV1927 BEN (JFS), 2005 WL 5994162, at *1–2 (S.D. Cal. Mar. 21, 2005). The Court finds that allowing Sekiguchi and Ito to testify for Defendant despite their failure to appear for Plaintiff's noticed deposition would be unfairly prejudicial to Plaintiff.

On the other hand, Defendant requests that the Court rule that it will not give an adverse inference instruction if Sekiguchi and Ito do not testify. (Doc. 413 at 5–6). Plaintiff opposes that request because it claims it is Defendant who "controll[ed] access to the witnesses and who refused to make them available." (Doc. 445 at 6).

The Court has determined that the following is the most appropriate path forward. Plaintiff can decide whether it wants to exclude Sekiguchi and Ito; however, if it chooses to exclude the witnesses, then Plaintiff cannot seek an adverse inference instruction for their absence at trial. If Plaintiff chooses not to exclude Sekiguchi and Ito, and they fail to appear at trial, Plaintiff can seek an adverse inference instruction at trial after their failure to appear.

Plaintiff must notify the Court of its choice at the Final Pretrial Conference, scheduled for March 18, 2020, at 2:30 p.m. If Plaintiff does not clearly advise the Court of its decision, then the motion to exclude Sekiguchi and Ito (Doc. 399) will be deemed withdrawn.

### 2. Plaintiff's Second Motion in Limine (Doc. 400)

Plaintiff's next motion in limine requests that the Court exclude any evidence of settlement negotiations. (Doc. 400). The Court denies the motion (Doc. 400), without prejudice, as a request for an advanced evidentiary ruling. (Doc. 39 at 5–7). Plaintiff can raise an appropriate objection at trial if Defendant offers evidence in violation of Federal Rule of Evidence 408.

### 3. Plaintiff's Third Motion in Limine (Doc. 401)

Plaintiff asks the Court to preclude Defendant

> from presenting arguments or testimony relating to any Japanese documents for which it has not produced a certified English translation within a reasonable time before trial and any evidence or testimony challenging (1) any certified translation of a Japanese document, where no objection or proposed corrected translation was timely disclosed or (2) any deposition translation, where such challenge was not made either contemporaneously during the deposition through a check interpreter or after when the witness was granted the opportunity to read and sign the deposition transcript.

(Doc. 401 at 2). The Court has made clear that it will not grant relief through a motion in limine that does not identify specific statements or evidence that would "ring the bell that cannot be unrung." (*See* Doc. 39 at 5–7); *see also PCT Int'l Inc. v. Holland Elecs. LLC*, No. CV-12-01797, 2015 U.S. Dist. LEXIS 24730, at *38 (D. Ariz. Mar. 2, 2015). However, Plaintiff may raise an appropriate objection at trial if Defendant offers an improper translation. The motion (Doc. 401) is therefore denied without prejudice.

### 4. Plaintiff's Fourth Motion in Limine (Doc. 402)

Plaintiff requests that the Court exclude any evidence or testimony that supports Defendant's assertion that Defendant "terminated the Supply Agreement on March 6, 2015." (Doc. 402 at 2). This motion in limine is a belated motion for partial summary judgment. (*See* Doc. 39 at 6–7). Moreover, Plaintiff has not described what exact evidence or testimony it wants to be excluded. The Court will not issue a blanket exclusion against all evidence on a particular issue. (*Id.* at 5–7); *see also Classical Silk, Inc. v. Dolan Grp.,*

*Inc.*, No. CV1409224ABMRWX, 2016 WL 7638112, at *6 (C.D. Cal. Mar. 21, 2016). The motion (Doc. 402) is denied.

### 5. Plaintiff's Fifth Motion in Limine (Doc. 403)

Plaintiff asks the Court to exclude any evidence of fraud where that evidence is "not supported by [Defendant]'s pleadings." (Doc. 403 at 2). Plaintiff's motion is either an untimely motion for judgment on the pleadings or an untimely motion for partial summary judgment. As stated previously, the Court will not consider either motion at this late stage of litigation. (Doc. 39 at 6–7). Additionally, Plaintiff has not identified any specific evidence or testimony in its motion that would "ring the bell that cannot be unrung." (*See id.* at 5–7); *see also PCT Int'l Inc.*, 2015 U.S. Dist. LEXIS 24730, at *38. The motion (Doc. 403) is denied.

### 6. Plaintiff's Sixth Motion in Limine (Doc. 406)

Plaintiff moves for the Court to "exclud[e] evidence regarding any lost profits [Defendant] allegedly suffered based on [Plaintiff] not purchasing the amount of SJMOSFET wafers forecasted in Exhibit A of the Supply Agreement." (Doc. 406 at 2). Plaintiff reasons that, "to the extent the Court's holding that lost profits are too speculative for [Plaintiff] to recover stands, such holding must apply equally and for the same reasons to [Defendant]'s claim for lost profits." (*Id.*). More specifically, Plaintiff asserts that Defendant "should not be allowed to present a damages theory for its fraud claim (lost profits) that the Court has already decided is too speculative for IceMOS to submit." (*Id.* at 5). Plaintiff also claims that Defendant did not properly disclose its lost profits theory. (*Id.*). The Court denies the motion (Doc. 406).

First, Plaintiff's motion is clearly a belated partial summary judgment motion. Plaintiff could have moved for partial summary judgment on Defendant's lost profits claim just as Defendant did as to Plaintiff's lost profits claim. It chose not to, and it cannot seek partial summary judgment at this late stage on this issue. (Doc. 39 at 6–7).

Second, the underlying premise of Plaintiff's motion (Doc. 406) is flawed. The Court never held "that lost profits are speculative as a matter of law" as Plaintiff claims,

1 (Doc. 406 at 3); rather, the Court concluded that the undisputed facts within the record on summary judgment entitled Defendant to judgment as a matter of New York law on the issue of whether Plaintiff was entitled to lost profits for breach of contract. (Doc. 355 at 26). Defendant's counterclaim for fraud is not governed by New York law, (*id.* at 4–5; Doc. 152 at 9; Doc. 25 at 19–20), so it is not clear how the Court's ruling on summary judgment, applying New York contract law, would preclude lost profits on Defendant's fraud counterclaim under Arizona law.

Finally, Plaintiff claims that Defendant's lost profits theory was not properly disclosed. (Doc. 406 at 5). Plaintiff did not develop this argument in the motion (Doc. 406). At any rate, to the extent Plaintiff is asking the Court to exclude Defendant's lost profits theory, as noted, the Court deems that request a belated motion for partial summary judgment, and it is denied. If Plaintiff believes specific evidence was not properly disclosed, it can raise an appropriate objection at trial.

Accordingly, the motion (Doc. 406) is denied.

### 7. Plaintiff's Seventh Motion in Limine (Doc. 407)

Plaintiff asks the Court to "exclud[e] evidence from [Defendant] regarding an agreed Target Yield other than 80%" and to exclude evidence relating to whether the parties "agreed to release any MEMS SJMOSFET device for commercial production." (Doc. 407 at 2). It appears that Plaintiff is requesting that the Court conclusively establish that the parties agreed to an 80% target yield. However, on summary judgment, the Court determined that there is a dispute of material fact as to whether the parties agreed to a target yield. (Doc. 355 at 17). Similarly, Plaintiff's request to preclude evidence relating to whether there was any agreement between the parties to release products for commercial production is an improper belated partial summary judgment motion as that request seeks that the Court establish, as a matter of law, that the parties did not agree to release any product for commercial production. (Doc. 39 at 6–7). Therefore, the motion (Doc. 407) is denied as an improper motion for partial summary judgment. (Doc. 39 at 6–7). If Plaintiff believes certain evidence relating to the existence of any agreement as to target yield or the

release of any products for commercial production is inadmissible, it can make an appropriate objection at trial.

### 8. Plaintiff's Eighth Motion in Limine (Doc. 410)

Plaintiff requests that the Court exclude any evidence "that alleges any intent, statements, and/or other information dependent upon statements made by Yoshio Sekiguchi." (Doc. 410 at 2). The Court denies the motion (Doc. 410) without prejudice as Plaintiff's request seeks an advanced evidentiary ruling. (*See* Doc. 39 at 5–7).

### 9. Plaintiff's Ninth Motion in Limine (Doc. 411)

Plaintiff next vaguely asks the Court to exclude any undisclosed witnesses unless Defendant will offer their testimony solely for impeachment. (Doc. 411). But, Plaintiff does not specify any particular witness. Plaintiff may rest assured that the Court will preclude any testimony by a witness that was not properly disclosed, upon the proper showing. *See* Fed. R. Civ. P. 26(a)(1)(A)(i); *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1139–40 (9th Cir. 2006); *Jackson v. Fed. Express*, No. CV1001760MMMCWX, 2011 WL 13268076, at *2 (C.D. Cal. June 16, 2011). The motion is denied (Doc. 411) without prejudice.

### 10. Plaintiff's Tenth Motion in Limine (Doc. 412)

Finally, Plaintiff's tenth motion in limine requests that the Court preclude Defendant "from presenting any evidence, testimony, or argument" in support of any affirmative defense that it "failed to disclose the factual bases for." (Doc. 412 at 2). Again, Plaintiff's motion is an improper belated motion for partial summary judgment. (Doc. 39 at 6–7). Plaintiff knew about the affirmative defenses it now seeks to exclude since July 16, 2018, (*see* Doc. 28), over eight months before it filed its motion for partial summary judgment (Doc. 153). To the extent Defendant failed to properly disclose specific evidence, Plaintiff can make an appropriate objection at trial. The motion (Doc. 412) is denied.

### b. Defendant's Motions in Limine

#### 1. Defendant's First Motion in Limine (Doc. 413)

Defendant first seeks to preclude Plaintiff from introducing various evidence as violative of Federal Rules of Evidence 402 and 403. (Doc. 413). But, Defendant has not shown that the evidence it seeks to exclude would "ring the bell that cannot be unrung." (*See* Doc. 39 at 5–7); *see also PCT Int'l Inc.*, 2015 U.S. Dist. LEXIS 24730, at *38. To the extent any evidence is inadmissible under Rule 402 or Rule 403, Defendant can raise an objection at trial, if appropriate. The motion is denied without prejudice.

#### 2. Defendant's Second Motion in Limine (Doc. 416)

Defendant's second motion in limine seeks three specific rulings: (1) preclusion of any new damages theories and evidence in support of them, (2) any new evidence in support of lost development support damages, and (3) preclusion of any theory of damages beyond lost development support damages. (Doc. 416).

First, the theories of damages that Defendant claims are new do not appear to be new.[1] The Court denies Defendant's request to preclude these theories as Defendant had

---

[1] Defendant claims that on December 20, 2019, Plaintiff filed a document with the following "new allegations of damages":

> (1) the "cost of low-yielding wafers," seeking full reimbursement for all wafers it purchased that were below 80% yield, without accounting for the fact that it made money by then selling the chips in those wafers to customers, (2) the "cost of late-delivered wafers," seeking full reimbursement for all wafers its [sic] purchased that were delivered late, again without accounting for the fact that it made money selling the chips in those wafers to customers, (3) "requalification and extra wafer costs," seeking costs of the salaries of its employees for time spent working with its new foundries and other supposed costs, (4) additional evidence in the form of new testimony from Mr. Anderson that it believes supports its damages for "loss of research and development support," (5) damages based on "unauthorized use of IceMOS DRIE," and (6) damages based on the "value of confidential, proprietary and trade secret information."

(Doc. 416 at 4). These theories are either supported by allegations in the Second Amended Complaint (Doc. 59) or Defendant should have had notice of them as a result of discovery, (*see, e.g.*, Doc. 419-2 at 18–19, 27–28), and thus, the theories need not be excluded from trial. *See Iguarta v. Mid-Century Ins.*, No. 216CV00849JADCWH, 2017 WL 1013869, at *2 (D. Nev. Mar. 14, 2017); *cf. Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594–95 (D. Nev. 2011). Indeed, though Defendant claims these new theories were first raised by Plaintiff on December 20, 2019, (Doc. 416 at 3–4), in Defendant's very next motion in limine (Doc. 419), Defendant asserts that the first and sixth theories listed in the second motion in limine (Doc. 416) were disclosed for the first time on February 22, 2019

- 7 -

notice of each theory prior to filing its motion for partial summary judgment (Doc. 229). However, if certain documents in support of these claimed new theories were not properly disclosed, Defendant can make an appropriate objection at trial.

Second, to the extent new evidence in support of lost development damages was not properly disclosed, Defendant can object at trial. However, a broad ruling excluding this category of evidence is not appropriate at this time. *Classical Silk, Inc.*, 2016 WL 7638112, at *6.

Third, the Court denies Defendant's request to preclude any theory of damages based on breach of contract beyond lost development support damages. Defendant's request to preclude damages theories unrelated to lost development support damages is denied as an improper belated motion for partial summary judgment. (Doc. 39 at 6–7). To clarify, the Court's partial summary judgment order only precluded Plaintiff's lost profits, lost business value, and fraud claims. (Doc. 355 at 33).

In sum, the Court denies the motion (Doc. 416). However, Defendant can raise an appropriate objection at trial regarding Plaintiff's failure to timely disclose any particular document.

### 3. Defendant's Third Motion in Limine (Doc. 419)

Defendant seeks preclusion of various breach of contract theories it claims were first disclosed on February 22, 2019. (Doc. 419).[2] As such, all of these "new" theories of breach were known to Defendant before it filed for summary judgment on August 5, 2019.

---

in Plaintiff's second amended mandatory initial disclosure, (Doc. 419 at 2). In Plaintiff's second amended mandatory initial disclosure (Doc. 419-2), Plaintiff articulated it had in excess of $100,000,000 in damages as a result of Defendant's alleged wrongful conduct. (*id.* at 18–19, 27–28). Plaintiff asserted, in the second amended mandatory initial disclosure, that Defendant's alleged wrongful conduct includes breaches of contract based on the six theories Defendant seeks to preclude in its second motion in limine (Doc. 416). (Doc. 419-2 at 18–19). Thus, the theories Defendant seeks to exclude were first disclosed, at the latest, on February 22, 2019, well before Defendant filed its motion for partial summary judgment (Doc. 229).

[2] These theories include (1) "alleged improper use of [Plaintiff]'s proprietary and confidential intellectual property," (2) "refusing to return such confidential IP," and (3) "failing to meet an alleged agreement of 80% yield." (Doc. 419 at 2–3).

- 8 -

(Doc. 229). The Court therefore treats Defendant's third motion in limine as a late motion for partial summary judgment, and it is denied. (Doc. 39 at 6–7).

### 4. Defendant's Fourth Motion in Limine (Doc. 420)

Defendant seeks to preclude Richard Williams from testifying at trial because he was not timely disclosed under Federal Rule of Civil Procedure 26(a)(1)(A)(i). (Doc. 420). Plaintiff contends Richard Williams is solely an impeachment witness who did not need to be disclosed. (Doc. 427). However, Plaintiff contends that it intends to offer testimony by Williams if Defendant disputes certain testimony on Defendant's ability to produce SJ MOSFETs in one of its foundries. (*Id.* at 3–4). That testimony is rebuttal evidence, not impeachment evidence. *See Valiavicharska v. Tinney*, CV 10-4847 JSC, 2012 U.S. Dist. LEXIS 11334, at *5 (N.D. Cal. Jan. 31, 2012) ("Impeachment[,] as contemplated by the Rule 26(a)[,] exception refers to attacks on the credibility of a witness and not to rebuttal evidence, which tends to prove any element of [a party's] claims." (alteration in original) (internal quotation marks and citation omitted)). As such, Plaintiff should have disclosed Williams as his testimony is not solely related to attacking a witness's credibility; therefore, the Rule 26(a)(1)(A)(i) impeachment exception does not apply here. The Court grants the motion; Williams is excluded from testifying at trial.

### 5. Defendant's Fifth Motion in Limine (Doc. 421)

Defendant seeks to preclude Plaintiff "from introducing into evidence an e-mail between" two of Defendant's employees, Tetsuya Yoda and Hirofumi Arai, and evidence relating to that e-mail under Federal Rules of Evidence 106 and 403. (Doc. 421 at 5). The motion is denied without prejudice as a request for an advanced evidentiary ruling. (Doc. 39 at 5–7).

### 6. Defendant's Sixth Motion in Limine (Doc. 422)

Defendant has moved to exclude various documents it asserts were disclosed late in twenty-two productions, totaling approximately 5,221 pages. (Doc. 422 at 2). Plaintiff contends that these twenty-two productions included 423 documents. (Doc. 431 at 2). But, of these 423 documents, Defendant asserts that some number of them need not be excluded

because they were translations of Japanese documents or documents timely disclosed as expert discovery. (Doc. 422 at 2 n.1). And, Defendant only specifically identifies a small portion of the documents—approximately forty-three. (Doc. 422 at 2–5; *see* Doc. 431 at 2).

Defendant's omnibus motion in limine is denied without prejudice. The Court will not cull through 423 documents, or even forty-three documents, to determine whether they should be excluded as late disclosures. As Defendant itself noted in its response to one of Plaintiff's motions in limine (Doc. 400), "motions in limine 'to exclude broad categories of evidence are usually improper as the court is almost always better situated to rule on evidentiary issues in their factual context during trial.'" (Doc. 433 at 3 (quoting *Classical Silk, Inc.*, 2016 WL 7638112, at *6); *see* Doc. 39 at 5–7). Moreover, as noted, Defendant's motion indicates that some of the documents it seeks to preclude for improper disclosure may have been properly disclosed as translations of previously disclosed documents or documents related to expert disclosures. The Court will not do the work of ferreting out which documents were properly disclosed and which were not. That work is Defendant's task. Defendant may raise an appropriate objection at trial if Plaintiff seeks to offer evidence that was not properly disclosed. Defendant's sixth motion in limine is denied without prejudice.

### 7. Defendant's Seventh Motion in Limine (Doc. 423)

Defendant seeks to preclude evidence of "various inadmissible testimony that is hearsay and lay opinion." (Doc. 423 at 1 (emphasis omitted)). The motion is denied without prejudice as a request for an advanced evidentiary ruling. (*See* Doc. 39 at 5–7); *PCT Int'l Inc.*, 2015 U.S. Dist. LEXIS 24730, at *38.

### 8. Defendant's Eighth Motion in Limine (Doc. 424)

Finally, Defendant moves to exclude evidence supporting Plaintiff's lost development support damages claim that Defendant asserts was disclosed for the first time in Walter Bratic's expert report. (Doc. 424). It is not exactly clear what Defendant wants the Court to order. Indeed, Defendant spends the bulk of its brief discussing how Plaintiff's

theory of lost development support damages is problematic or not available as a matter of law. The Court already denied summary judgment on this issue. (Doc. 355 at 29–30).

The Court denies this motion in limine (Doc. 424) to the extent it requests that the Court preclude Plaintiff from presenting any theory of lost development support damages. Bratic's expert report was submitted on March 22, 2019, (Doc. 293-1), and thus, Defendant had notice of it prior to filing its motion for partial summary judgment (Doc. 229) on August 5, 2019. The Court therefore deems this motion an improper partial summary judgment motion. (Doc. 39 at 6–7). However, if Defendant can show that specific evidence relating to lost development support damages was not properly disclosed, it can make an appropriate objection at trial.

### c. Motions to Seal

Plaintiff and Defendant have filed various motions to seal (Docs. 404, 408, 414, 417, 425, 429, 443, 446, 449, 452) in connection with the motions in limine. Because review of the unredacted materials was unnecessary to the Court's resolution of the motions in limine, the requests to file unredacted versions of these materials into the record are denied as unnecessary. *See Maui Elec. Co. v. Chromalloy Gas Turbine, LLC*, No. CIV. 12-00486 SOM, 2015 WL 1442961, at *16–17 (D. Haw. Mar. 27, 2015). All documents filed lodged under seal will thus remain lodged under seal.

### d. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the following motions in limine, filed by Plaintiff, are **DENIED** as described above: Docs. 400, 401, 402, 403, 406, 407, 410, 411, 412.

**IT IS FURTHER ORDERED** that the following motions in limine, filed by Defendant, are **DENIED** as described above: Docs. 413, 416, 419, 421, 422, 423, 424.

**IT IS FURTHER ORDERED** that Doc. 420 is **GRANTED** such that Richard Williams is excluded from testifying at trial.

**IT IS FURTHER ORDERED** that the following motions to seal are **DENIED** as moot as review of the documents lodged under seal was unnecessary to the Court's

resolution of the motions in limine: Docs. 404, 408, 414, 417, 425, 429, 443, 446, 449, 452. The Clerk of Court shall not unseal the related documents and shall instead leave Docs. 405, 409, 415, 418, 426, 430, 444, 447, 450, 453 lodged under seal.

Dated this 6th day of March, 2020.

James A. Teilborg
Senior United States District Judge