**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IceMOS Technology Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Omron Corporation,<br><br>    Defendant. | No. CV-17-02575-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff IceMOS Technology Corporation's Objection to Omron's Witness List (Doc. 464). Plaintiff asserts that defense witness Tetsuya Yoda was not properly disclosed by Defendant Omron Corporation. The Court ordered Defendant to respond, (Doc. 467), and it has. (Doc. 471). Plaintiff has also replied. (Doc. 472). The Court now rules on the Objection (Doc. 464).

**I.     BACKGROUND**

The Court has already ruled on each motion in limine in this case. (Doc. 462; Doc. 466). Particularly relevant here is that the Court granted Defendant's motion in limine to exclude one of Plaintiff's witnesses—Richard Williams—for failure to properly disclose his identity. (Doc. 462 at 9). Plaintiff asserts that the Court should exclude Yoda as improperly disclosed as well. (Doc. 464).

## II. LEGAL STANDARD

In the District of Arizona, parties are under a duty to provide certain information through "court-ordered mandatory initial discovery." Gen. Order No. 17-08, at 1, 3–4 (D. Ariz. Nov. 1, 2018) (superseding the disclosures required by Federal Rule of Civil Procedure 26(a)(1)). This Court "may issue further just orders," including "prohibiting the disobedient party . . . from introducing designated matters in evidence" for a party's failure to abide by General Order No. 17-08's requirements. Fed. R. Civ. P. 37(b)(2)(A)(ii); Gen. Order No. 17-08, at 4.

Under General Order No. 17-08, parties must disclose "all persons who [the party] believe[s] are likely to have discoverable information relevant to any party's claims or defenses," and parties must "provide a fair description of the nature of the information each such person is believed to possess." Gen. Order No. 17-08, at 4. "The duty to provide mandatory initial discovery responses set forth in [General Order No. 17-08] is a continuing duty, and each party must serve supplemental responses when new or additional information is discovered or revealed." *Id.* at 3. Parties must supplement within thirty days of "when new or additional information is discovered or revealed," and, under this Court's scheduling order, final supplementation must occur with sufficient time "to allow for meaningful discovery prior to" the close of fact discovery. *Id.* at 3–4; (Doc. 35 at 3–4).

"If new information is revealed in a written discovery response or a deposition in a manner that reasonably informs all parties of the information, the information need not be presented in a supplemental response." Gen. Order No. 17-08, at 4; *see also* Fed. R. Civ. P. 26(e)(1)(A) (stating a party must make a supplemental disclosure "if the party learns that in some material respect the disclosure or response is incomplete or incorrect" unless "the additional or corrective information has . . . otherwise been made known to the other parties during the discovery process or in writing"); Fed. R. Civ. P. 26, Notes of Advisory Committee on Rules—1993 Amendment ("There is . . . no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is

1 identified during the taking of a deposition . . . ."). "The disclosure requirements should, in short, be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations." Fed. R. Civ. P. 26, Notes of Advisory Committee on Rules—1993 Amendment.

### III. ANALYSIS

Plaintiff contends that Yoda must be excluded because Defendant did not properly disclose Yoda's identity and the asserted failure to disclose Yoda's identity was unjustified and not harmless. (Doc. 464). Defendant asserts that Yoda was adequately disclosed for several reasons. (Doc. 471 at 7–8). First, Plaintiff itself disclosed Yoda as a relevant witness. (*Id.* at 7; Doc. 471-1 at 2–3; Doc. 471-3 at 2–3). Second, Defendant stated in response to Plaintiff's first set of interrogatories that Yoda "communicated with [Plaintiff] regarding the Supply Agreement and/or the business relationship between the parties on behalf of [Defendant]," and Defendant notes that Yoda was brought up by Plaintiff's counsel in deposition. (Doc. 471 at 7–8; Doc. 471-2 at 3; Doc. 471-4 at 7–8). Finally, Defendant claims that Plaintiff was aware of Yoda because Plaintiff is "using [Yoda's] e-mail communication as the ***primary*** basis for Mr. Bratic's opinion of 'lost[/]development support' damages for Gen1/Gen2." (Doc. 471 at 8).

Defendant did not violate its obligations under General Order No. 17-08 or this Court's scheduling order (Doc. 35) because Plaintiff knew of Yoda well before the close of fact discovery on February 22, 2019. (Doc. 101 at 2; Doc. 35 at 3–4). A party need not supplement a disclosure or response to a request for discovery when a witness has been made known to the opposing party through the discovery process. *See* Gen. Order No. 17-08, at 4; *see also* Fed. R. Civ. P. 26(e)(1)(A); *Gonzales v. City of Lake Havasu City*, No. CV-17-08205-PCT-GMS, 2019 WL 6726295, at *3 (D. Ariz. Dec. 11, 2019).

Plaintiff was aware of Yoda during discovery, and thus, Yoda's testimony should not be excluded. Not only did Defendant disclose Yoda's identity on October 11, 2018, in response to Plaintiff's interrogatories, (Doc. 471 at 3; Doc. 471-2 at 2), but, on August 15,

2018, and on February 22, 2019, Plaintiff itself included Yoda in its own responses to the Court's mandatory initial discovery requests.[1] (Doc. 471 at 3; Doc. 471-1 at 2–3; Doc. 471-3 at 2–3). Specifically, Plaintiff disclosed Yoda as an individual who "has personal knowledge of the business relationship between [Plaintiff] and [Defendant], the attempts to develop and development of [Plaintiff]'s Super Junction MOSFETs, and documents in support." (Doc. 471-1 at 2–3; Doc. 471-3 at 2–3). Plaintiff also opposed Defendant's motion to exclude an e-mail written by Yoda. (Doc. 421 (Defendant's motion to exclude); Doc. 428 (Plaintiff's response)). In fact, Plaintiff used that very e-mail in deposition, which shows Plaintiff had knowledge of Yoda's identity when there was still sufficient time to conduct meaningful discovery. (Doc. 471-4 at 7–8). Consequently, Defendant met its obligations under General Order No. 17-08 as Plaintiff was aware of Yoda's identity well before fact discovery closed, indicating Plaintiff had enough time to conduct meaningful discovery. (Doc. 35 at 3–4); *see Gonzales*, 2019 WL 6726295, at *3.

Plaintiff's protestation that Yoda should be excluded under the same rationale as the Court's exclusion of Williams is not persuasive. (Doc. 464). Plaintiff did not disclose Williams during fact discovery. (Doc. 427 at 2 (providing no date but asserting that Williams' identity was produced "well within the expert discovery deadline" of July 1, 2019); Doc. 101 at 2 (setting February 22, 2019, as fact discovery deadline)). Accordingly, Plaintiff argued that Williams was not subject to exclusion because it claimed Williams' proffered testimony was for impeachment purposes. (Doc. 427 at 3–5). But, the Court rejected that argument as Williams' proffered testimony was not solely for impeachment. (Doc. 462 at 9). In contrast, here, the Court does not need to reach the issue of whether Yoda's testimony would be related solely to impeachment as Yoda's identity was adequately disclosed. In short, there is no dispute that Plaintiff was aware of Yoda's identity with sufficient time to conduct meaningful discovery prior to the close of fact discovery, whereas Plaintiff has not established that Defendant became aware of Williams'

---

[1] Defendant asserts that Plaintiff erroneously referred to Tetsuya Yoda as "Takehiko Yoda" in the disclosure. (Doc. 471 at 2 n.1). Plaintiff did not respond to this assertion. (Doc. 472). The Court therefore accepts it as true.

identity even before the close of fact discovery. Therefore, the Court's exclusion of Williams does not control here.

The rules relating to disclosure are not meant for the parties to "indulge in gamesmanship."[2] Fed. R. Civ. P. 26, Notes of Advisory Committee on Rules—1993 Amendment. Not only did Plaintiff itself disclose Yoda as a witness with relevant information, but Plaintiff is also relying on an e-mail that Yoda sent to buttress its claim to research and development damages. (*See, e.g.*, Doc. 306 at 20; Doc. 308 at 69; Doc. 332 at 16–17). This fact belies Plaintiff's claim that Defendant "is trying to sandbag [Plaintiff] with testimony from [Yoda] as an undisclosed witness."[3] (Doc. 464 at 3). The Court would be remiss if it did not remind the parties' counsel that "passionate" advocacy must still not cross the line. (Doc. 203 at 27). The gamesmanship the Court has witnessed throughout this litigation, including this Objection (Doc. 464), is unacceptable. As trial draws near, the Court is certain it will not need to again remind counsel of the professionalism that is expected of lawyers. (*See id.*).

///

///

///

///

---

[2] Though the Court recognizes that the "discovery obligations" under General Order No. 17-08 "supersede the disclosures required by Rule 26(a)(1)," Gen. Order No. 17-08, at 1, the Court has no doubt that these obligations under General Order No. 17-08 were not meant to allow for the parties' to "indulge in gamesmanship" any more than the disclosure requirements under Rule 26(a)(1), Fed. R. Civ. P. 26, Notes of Advisory Committee on Rules—1993 Amendment.

[3] More bizarre is Plaintiff's claim that Plaintiff "did not depose Mr. Yoda because it had no discovery from his emails (because [Defendant] claimed they were irrelevant) and he was not listed as a person with knowledge of relevant facts." (Doc. 464 at 3). As noted, not only did Plaintiff itself include Yoda in its initial discovery responses as an individual with discoverable information, as early as August 15, 2018, six months before the fact discovery deadline, (Doc. 471 at 3; Doc. 471-1 at 2–3; Doc. 471-3 at 2–3), but, Defendant also included Yoda in response to Plaintiff's interrogatories. (Doc. 471-2 at 2). Moreover, Plaintiff *did* obtain at least one of Yoda's e-mails, which is evinced by the fact that Plaintiff deposed a witness based on an e-mail sent by Yoda. (Doc. 471-4 at 7–8). The Court warned defense counsel that it must be more cautious with representations it makes to this Court; the same is equally true for Plaintiff's counsel. (Doc. 470 at 1 n.1).

In short, the Court will not exclude Yoda because Plaintiff knew of Yoda's identity with sufficient time to conduct meaningful discovery. The Court will therefore overrule the Objection (Doc. 464).

**IV. CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that the Objection to Omron's Witness List (Doc. 464) is **OVERRULED**.

Dated this 13th day of April, 2020.

James A. Teilborg
Senior United States District Judge