**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IceMOS Technology Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>Omron Corporation,<br><br>        Defendant. | No. CV-17-02575-PHX-JAT<br><br>**ORDER** |

   This case is subject to General Order No. 17-08. (Doc. 4). "The discovery obligations addressed in [General Order No. 17-08] supersede the disclosures required by Rule [of Civil Procedure] 26(a)(1) and are framed as court-ordered mandatory initial discovery." Gen. Order No. 17-08, at 1 (D. Ariz. Nov. 1, 2018). The parties have been relying on Rule 26(a)(1) rather than General Order No. 17-08 in their disputes regarding their mandatory initial discovery obligations. Going forward, the parties should look to General Order No. 17-08 and frame their arguments around its requirements.

   That being said, General Order No. 17-08 requires that the parties "provide the requested information as to facts that are relevant to the claims and defenses in the case." Gen. Order No. 17-08, at 2. That information includes "all persons who [the party] believe[s] are likely to have discoverable information relevant to any party's claims or defenses" and "the documents, electronically stored information ('ESI'), tangible things, land, or other property known by [the party] to exist . . . that [the party] believe[s] may be relevant to any party's claims or defenses." *Id.* at 4–5. General Order No. 17-08 omits Rule

26(a)(1)(A)'s language that exempts disclosure of individuals, documents, electronically stored information, and tangible things that would be used "solely for impeachment."[1] Fed. R. Civ. P. 26(a)(1)(A)(i)–(ii). Much ink has been spilled in this case on the issue of witnesses who will be used "solely for impeachment." Accordingly, for the sake of fairness, consistency, and efficiency, the Court will now discuss whether General Order No. 17-08 requires disclosure of individuals and information that would be offered "solely for impeachment" as that term is used in Rule 26(a)(1)(A).

## I.   LEGAL STANDARD

The Court has "broad discretion in interpreting, applying, and determining the requirements of [its] own . . . general orders." *United States v. Gray*, 876 F.2d 1411, 1414 (9th Cir. 1989). The Court finds that General Order No. 17-08 purports to replace Federal Rule of Civil Procedure 26(a)(1). *See* Gen. Order No. 17-08, at 1 ("The discovery obligations addressed in this General Order supersede the disclosures required by Rule 26(a)(1) . . . ."). As such, it will interpret General Order No. 17-08 like it would interpret one of the Federal Rules of Civil Procedure.

Courts "employ the 'traditional tools of statutory construction' to interpret the Federal Rules of Civil Procedure." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1125 (9th Cir. 2017) (citation omitted). The rule's text is the starting point for divining its meaning. *Id.* Whenever possible, a rule should be construed based on the plain meaning of its text. *Id.* Applying a rule's plain meaning requires that the court read each of the rule's provisions in context with the other provisions in the rule. *See id.* at 1125–26. In fact, provisions relating to discovery must be read in light of other discovery provisions as discovery is an "integrated mechanism." 9A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice and Procedure § 2452 (3d ed. 2019) (collecting cases) [hereinafter Wright & Miller]; *see United States v. Lopez-Cavasos*, 915 F.2d 474, 478–79 (9th Cir. 1990).

---

[1] The Court will use quotation marks around the term solely for impeachment when it is referring to the language used by Rule 26(a)(1)(A) but will not when it is using the term generically.

## II. ANALYSIS

As noted above, the requirements under General Order No. 17-08 ostensibly replace and supersede the initial disclosures required by Rule 26(a)(1). Gen. Order No. 17-08, at 1. The key question then is whether General Order No. 17-08 exempts disclosure of individuals and information that would be used solely for impeachment just as Rule 26(a)(1)(A) does. The Court is inclined to rule that General Order No. 17-08 does not require disclosure of individuals or information that would be used "solely for impeachment" as that term is used in Rule 26(a)(1)(A). The Court leans this way for several reasons.

### a. General Order No. 17-08's Text

First, the Court begins with General Order No. 17-08's text, as it must. General Order No. 17-08 requires that the parties "provide the requested information as to *facts that are relevant to the claims and defenses* in the case." Gen. Order No. 17-08, at 2 (emphasis added). That information includes all individuals that a party "believe[s] are likely to have discoverable information *relevant to any party's claims or defenses*" and "documents, electronically stored information ('ESI'), tangible things, land, or other property . . . that [the party] believe[s] may be *relevant to any party's claims or defenses*." *Id.* at 4–5 (emphasis added). General Order No. 17-08's text reveals that, to determine the scope of General Order No. 17-08's requirements, the Court must analyze what is relevant to the parties' claims or defenses.

Evidence offered solely for impeachment purposes is not evidence that is relevant to a claim or defense. *See Evidence*, *Black's Law Dictionary* (11th ed. 2019) (defining "substantive evidence" as "[e]vidence offered to help establish a fact in issue, as opposed to evidence directed to impeach or to support a witness's credibility"). Under Rule 26(a)(1)(A), a party need not disclose an individual or information that the party will use "solely for impeachment," that is, solely to attack a witness's credibility. Fed. R. Civ. P. 26(a)(1)(A)(i)–(ii); *Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 434–36 (D. Md. 2006); *see also Norwood v. Children & Youth Servs. Inc.*, No.

CV107944GAFMANX, 2013 WL 12133879, at *3–5 (C.D. Cal. Dec. 3, 2013); *Valiavicharska v. Tinney*, CV 10-4847 JSC, 2012 U.S. Dist. LEXIS 11334, at *5 (N.D. Cal. Jan. 31, 2012). In contrast, individuals or information that a party may use to supply evidence on a substantive issue, one that is relevant to a claim or defense, in support of its case must be disclosed under Rule 26(a)(1)(A) as that use would not be "solely for impeachment." *See Newsome*, 437 F. Supp. 2d at 434–36; *see also Norwood*, 2013 WL 12133879, at *3–5; *Valiavicharska*, 2012 U.S. Dist. LEXIS 11334, at *5. At bottom, evidence is not relevant to the parties' claims or defenses when it is offered solely for impeachment purposes, and thus, individuals or information used to supply that evidence need not be disclosed under Rule 26(a)(1)(A).

The impeachment exception under Rule 26(a)(1)(A) sheds light on General Order No. 17-08's requirements. Parties are required to disclose certain "information as to facts that are relevant to the claims and defenses in the case." Gen. Order No. 17-08, at 2. But, as discussed, individuals or information that would be used at trial solely for impeachment purposes are not "relevant to the claims and defenses in the case." *Id.* General Order No. 17-08 does omit Rule 26(a)(1)(A)'s "solely for impeachment" language, however. *See Briseno*, 844 F.3d at 1125–26 (noting that omission of a term can be "meaningful"). Nonetheless, this omission does not illustrate that the General Order requires disclosure of impeachment evidence as Rule 26(b)(1) provides further support as to why General Order No. 17-08's requirements do not extend to individuals or information that will be offered solely for impeachment.

Rule 26(b)(1), which governs the scope of discovery, uses the same operative language as General Order No. 17-08: "Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense* and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). But, at one time, Rule 26(b)(1) read: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order

discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1) (as amended Apr. 17, 2000).

The rationale behind the 2000 amendment to Rule 26(b)(1) was that it would "focus" the parties and the court "on the actual claims and defenses involved in the action." *See* Fed. R. Civ. P. 26, Committee Notes on Rules—2000 Amendment. Even so, the parties could still discover information beyond the scope of those issues solely relevant to the "actual claims and defenses" to matters "relevant to the subject matter involved in the action," upon a showing of good cause. *See id.* Therefore, under the 2000 version of Rule 26(b)(1), a party could seek discovery of impeachment material either because it had substantive value as evidence relevant to the parties' claims and defenses or because the material was relevant to the subject matter of the action as it reflected on a witness's credibility. *See Dzanis v. JPMorgan Chase & Co.*, No. 10 CIV. 3384 BSJ JLC, 2011 WL 5979650, at *6 (S.D.N.Y. Nov. 30, 2011); *Thornton v. Crazy Horse, Inc.*, No. 3:06-CV-00251TMB, 2010 WL 3718945, at *1–2 (D. Alaska Sept. 14, 2010).

In 2015, Rule 26(b)(1) was amended, and the provision "authorizing the court, for good cause, to order discovery of any matter relevant to the subject matter involved in the action" was deleted. Fed. R. Civ. P. 26, Committee Notes on Rules—2015 Amendment. Broadly, current Rule 26(b)(1) limits discovery to information that is relevant to the parties' claims and defenses. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (noting that removal of the subject matter language from Rule 26(b)(1) was "intended to restrict, not broaden, the scope of discovery" (citations omitted)); *Pizzella v. Smugglers' Wharf, Inc.*, No. 1:19-CV-248, 2020 WL 1061666, at *1 & n.1 (W.D. Pa. Mar. 5, 2020). Indeed, "[t]he standing committee acknowledged that its proposed 2015 amendments deleted the sentence authorizing court-controlled discovery of any matter relevant to the subject matter involved in the action, and, that under the proposed rule, '[d]iscovery should be limited to the parties' claims or defenses.'" *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 822–23 (W.D. Pa. 2016) (quoting Comm. on Rules of Practice & Procedure of the Judicial Conf. of the U.S., *Preliminary Draft of*

*Proposed Amendments to the Federal Rules of Bankruptcy and Civil Procedure* 265–66 (2013)). Thus, "information that could be used to impeach a likely witness" is still discoverable pursuant to Rule 26(b)(1) if "suitably focused," that is, that the information sought is relevant to the parties' claims and defenses. *See* Fed. R. Civ. P. 26, Committee Notes on Rules—2015 Amendment; *Cole's Wexford Hotel, Inc.*, 209 F. Supp. 3d at 822–23.

In sum, before the 2015 amendment, under Rule 26(b)(1), a court could order discovery, upon good cause shown, into a matter solely relevant to impeachment as that discovery was relevant to the subject matter of the action. *See Thornton*, 2010 WL 3718945, at *1. But now, Rule 26(b)(1)'s plain language limits discovery to matters relevant to the parties' claims and defenses. The 2015 amendment illustrates then that impeachment material is discoverable when it is relevant to the parties' claims and defenses while evidence that will be offered solely for impeachment purposes is not discoverable.

General Order No. 17-08's disclosure requirement is nearly identical to Rule 26(b)(1)—parties must disclose "information as to facts that are *relevant to the claims and defenses* in the case." Gen. Order No. 17-08, at 2 (emphasis added). General Order No. 17-08's mandatory initial discovery requests are therefore limited to the same scope of information as Rule 26(b)(1). *See In re Grantham Bros.*, 922 F.2d 1438, 1441 (9th Cir. 1991). Accordingly, just as with Rule 26(b)(1), individuals or information that would be offered to supply evidence solely for impeachment purposes need not be disclosed under the General Order because such evidence is not relevant to the parties' claims and defenses.

In short, the plain meaning of General Order No. 17-08's text requires that parties only disclose "information as to facts that are relevant to the claims and defenses in the case." Gen. Order No. 17-08, at 2. That requirement does not include disclosure of individuals or information who will be used to supply evidence "solely for impeachment"—as that term is used in Rule 26(a)(1)(A)—as that evidence is not relevant to any claim or defense.

### b. Discovery Scheme

Second, the Court considers General Order No. 17-08 in context with the rest of Rule 26. As noted, General Order No. 17-08 can be viewed as replacing Rule 26(a)(1). *See* Gen. Order No. 17-08, at 1. As such, there are many other provisions under Rule 26 that General Order No. 17-08 must be read in conjunction with. *See* Wright & Miller, *supra*, § 2452.

For example, Rule 26(a)(3) deals with pretrial disclosures. Rule 26(a)(3)(A) requires that each party "provide to the other parties and promptly file [certain] information about the evidence that it may present at trial other than solely for impeachment." That information includes the witnesses and exhibits it expects to offer at trial. Fed. R. Civ. P. 26(a)(3)(A)(i), (iii). If General Order No. 17-08 is read to include disclosure of individuals or information that would be offered solely for impeachment purposes, then it would lead to the anomalous result that the General Order's early disclosures—so early that it is before the time when the parties can even propound discovery, Gen. Order No. 17-08, at 2, would have a more expansive reach than Rule 26(a)(3)'s pretrial disclosures that are due shortly before trial, after discovery is complete, Fed. R. Civ. P. 26(a)(3)(B). There is no apparent reason for this inconsistency. As such, construing General Order No. 17-08 to require disclosure of individuals or information that would be used solely for impeachment purposes would not make sense in light of Rule 26(a)(3)(A)'s exemption of that same evidence. Consequently, the Court is reluctant to give General Order that construction. *Briseno*, 844 F.3d at 1125–26; *Lopez-Cavasos*, 915 F.2d at 479; Wright & Miller, *supra*, § 2452.

Similarly, without the impeachment exception, General Order No. 17-08 would have broader reach than Rule 26(b)(1)'s nearly-identical language. *See supra* pp. 4–6 (discussing Rule 26(b)(1)'s scope). That result would be inconsistent with the overall discovery scheme, a result the Court should avoid, if possible.[2] *See Lopez-Cavasos*, 915

---

[2] In fact, General Order No. 17-08 indicates that the disclosures it requires are to be viewed as "court-ordered mandatory initial discovery." *See* Gen. Order No. 17-08, at 1. In other

F.2d at 479; Wright & Miller, *supra*, § 2452. And, the Court should construe the same language in the same way. *See In re Grantham Bros.*, 922 F.2d at 1441. Therefore, viewing General Order No. 17-08 in light of Rule 26(b)(1)'s plain language illustrates that reading the General Order in a way that would require disclosure of individuals and information that would be used solely for impeachment purposes is inconsistent with the overall discovery scheme.

The discovery regime established by Rule 26 supports the conclusion that General Order No. 17-08 does not require disclosure of individuals or information that would be used solely for impeachment.

### c.   Scheduling Order (Doc. 35)

Finally, on a case-specific note, even if the Court determined that General Order No. 17-08's requirements pertain to individuals or information that will be used solely for impeachment purposes, the Court is not inclined to order exclusion of any such evidence at trial. Federal Rule of Civil Procedure 37(b)(2) applies to any failure to abide by the requirements set by General Order No. 17-08. Gen. Order No. 17-08, at 4. Under Rule 37(b)(2), the Court "may issue further just orders" for a violation of any provision under General Order No. 17-08. *See* Fed. R. Civ. P. 37(b)(2)(A). An order sanctioning a party under Rule 37(b)(2) must be "just." *Id.*; *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001). And, the court is not required to order sanctions even where the court has the authority to do so under Rule 37(b)(2). *See* Fed. R. Civ. P. 37(b)(2)(A) (providing that the court "may" issue a sanction for failure to obey a discovery order); *Fontana Prods. Inc. v. Spartech Plastics Corp.*, 6 F. App'x 591, 594 (9th Cir. 2001) (stating that Rule 37(b)(2) grants district courts "broad discretion" on whether to order sanctions and how to shape them).

---

words, the parties are to respond to the General Order's discovery requests just as they would respond to a party's request for discovery. *See id.* at 4 (listing the required disclosures after the heading "Mandatory Initial Discovery Requests"). As such, the General Order's requirements should be viewed in light of the scope of discovery that Rule 26(b)(1) sets.

- 8 -

If General Order No. 17-08 applies to individuals or information that would be used solely for impeachment purposes, the Court would have the authority to sanction the offending party under Rule 37(b)(2). In that event, the Court is not inclined to issue any order sanctioning the party under Rule 37(b)(2) as the Court finds that the Court's scheduling order (Doc. 35) gave the impression that the parties were not required to disclose impeachment evidence (that is, individuals or exhibits that would be used to supply evidence solely for impeachment).

The Court's scheduling order reads, in relevant part:

> The Court requires that all evidence to be offered at trial (*other than impeachment evidence*) be contained in the Joint Proposed Final Pretrial Order. Therefore all exhibits and witnesses that may be offered at trial must be disclosed before the discovery deadline and sufficiently in advance of the deadline that meaningful discovery necessitated by such disclosures can reasonably be completed before the discovery deadline. This Order therefore supersedes the "thirty-day before trial" disclosure deadline contained in Rule 26(a)(3) and the "by the fact discovery" default deadline contained in Gen. Ord. No. 17-08 (D. Ariz. Apr. 14, 2017).

(Doc. 35 at 3 (emphasis added)). The parties were justified in relying on this language—particularly given the fact that the Court indicated that impeachment evidence did not need to be disclosed in the Joint Proposed Final Pretrial Order (which relates to Rule 26(a)(3)'s pretrial disclosure requirements). It does not take a great leap for one to assume that the exception for impeachment evidence under the scheduling order (Doc. 35) included disclosures mandated by General Order No. 17-08, especially in light of the fact that the Court's scheduling order (Doc. 35) altered the deadline for disclosures under both General Order No. 17-08 and Rule 26(a)(3). (Doc. 35 at 3–4). At this time, it appears that an order excluding individuals or information that would be used to supply evidence solely for impeachment purposes would be unjust as the parties were entitled to rely on this Court's scheduling order (Doc. 35).

### III. CONCLUSION

Accordingly, the Court is prepared to conclude that General Order No. 17-08 does not require disclosure of individuals or information that will be used to supply evidence solely for impeachment purposes. The Court welcomes the parties' views on this matter.[3] Despite whether the parties offer a view on this issue, the Court will rule, prior to trial, whether undisclosed evidence—both testimonial and nontestimonial—that will be used solely for impeachment at trial will be excluded upon an appropriate objection.

**IT IS ORDERED** that the parties may file a memorandum, not to exceed ten pages, that discusses whether individuals or information that will be offered to supply evidence "solely for impeachment," as that term is used in Federal Rule of Civil Procedure 26(a)(1)(A)(i)–(ii), must be disclosed pursuant to General Order No. 17-08. The parties must file this memorandum by **Friday, May 1, 2020**.

**IT IS FURTHER ORDERED** that each party may file a response to the memorandum filed by the opposing party. The response may not exceed five pages and will be due by **Friday, May 8, 2020**.

Dated this 17th day of April, 2020.

James A. Teilborg
Senior United States District Judge

---

[3] "Gamesmanship" will not be tolerated. (*See* Doc. 474 at 5). The Court is only interested in the meaning of General Order No. 17-08's provisions. The Court's determination on whether there is an impeachment exception to General Order No. 17-08's requirements will not affect the Court's rulings as to Richard Williams (Doc. 462) or Tetsuya Yoda (Doc. 474). Both rulings turned on whether the witness was adequately disclosed. Williams was not adequately disclosed, and because he could not qualify under the impeachment exception, he is still subject to exclusion. (Doc. 462 at 9). Yoda was adequately disclosed, and thus, the existence of an impeachment exception under General Order No. 17-08 is irrelevant. (Doc. 474). The parties shall not raise either issue in the memorandum the Court requests.