**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IceMOS Technology Corporation,<br><br>   Plaintiff,<br><br>v.<br><br>Omron Corporation,<br><br>   Defendant. | No. CV-17-02575-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff IceMOS Technology Corporation's Motion for Leave to Amend Proposed Final Pretrial Order. (Doc. 487). The Motion has been fully briefed. (Doc. 487; Doc. 492; Doc. 494). The Court now rules.

Plaintiff seeks to add forty-six documents to the joint proposed final pretrial order that are related to Tetsuya Yoda ("Yoda Documents"). (Doc. 487). As Defendant notes, the vast majority of the Yoda Documents are emails between Yoda and another trial witness. (Doc. 492 at 5–6, 8–9). It appears two of the forty-six documents only reference Yoda (i.e., Yoda was not a sender or recipient of the email). (*Id.* at 5–6).

The parties' original Joint Proposed Final Pretrial Order (Doc. 457-1) was recently struck from the record due to the parties' failure to abide by the Court's instructions. (Doc. 485). The parties are now correcting the errors in accordance with the Court's order dated May 18, 2020, and it is due on June 5, 2020. (Doc. 485).

The Court previously ordered that the parties were required to "meet in person and exchange marked copies of all exhibits to be used at trial" fourteen days before the Joint

Proposed Final Pretrial Order, which was due on February 21, 2020. (Doc. 202 at 2–3). The Court warned "any exhibit not marked and exchanged at this meeting shall be precluded at trial." (*Id.*). The Court further specified:

> [P]ursuant to Federal Rule of Civil Procedure 37(c), the Court will not allow the parties to offer an exhibit, a witness, or other information that was not: (1) disclosed in accordance with the provisions of this Order; (2) disclosed in accordance with the provisions of the Federal Rules of Civil Procedure; and (3) listed in the [J]oint Proposed Final Pretrial Order; unless the offering party can show good cause as to why such party failed to comply with these requirements.

(Doc. 202 at 2 (emphasis omitted)).

It is beyond dispute that Plaintiff failed to exchange the Yoda Documents in accordance with the Court's instructions. The Court's order was clear that failure to do so would result in preclusion. That the Court ultimately struck the Joint Proposed Final Pretrial Order (Doc. 457-1) from the record has no bearing on the fact that the parties were required to exchange all exhibits by February 7, 2020. (Doc. 202 at 2–3).

No final pretrial order has been entered in this case.[1] There is no doubt that the Joint Proposed Final Pretrial Order (Doc. 457-1) was due on February 21, 2020, and that the parties were required to exchange any exhibits that would be used at trial at least fourteen days before that due date. (Doc. 202 at 2–3). Plaintiff therefore effectively asks the Court to amend the scheduling order to allow it to exchange the Yoda Documents after the due date set by the scheduling order. (Doc. 35; Doc. 202 (amending scheduling order (citing Doc. 197 (stipulating to amendment of scheduling order)))). The Court rejects that request.

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified *only for good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). Rule 16(b)(4)'s good cause standard primarily focuses on "the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the party seeking modification "was not diligent, the inquiry should

---

[1] It is for this reason that Federal Rule of Civil Procedure 16(e), which governs the final pretrial conference and final pretrial order, does not apply. As such, Plaintiff's argument that it should be allowed to "amend" the stricken Joint Proposed Final Pretrial Order (Doc. 457-1) is not apropos under the circumstances.

- 2 -

1  end." *Id.* at 609–10 (finding that party's dilatory conduct, including four-month delay
2  before seeking relief, prevented him from showing good cause to amend under Rule
3  16(b)(4)). To establish diligence, "the movant may be required to show . . . that she was
4  diligent in seeking amendment of the Rule 16 order, once it became apparent that she could
5  not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608–09 (E.D. Cal.
6  1999) (finding plaintiff did not show good cause for amendment to Rule 16 scheduling
7  order as she did not, among other things, "show diligence in filing her motion to amend
8  and having it heard").

The Court finds Plaintiff was not diligent, and therefore, has not shown good cause to modify the schedule, which would allow it to exchange the Yoda Documents beyond the original due date set by the scheduling order. Plaintiff claims that its delay in exchanging the Yoda Documents was that it was surprised that Defendant sought to offer Yoda's testimony, and it should be given the opportunity to offer exhibits relating to Yoda at trial. (Doc. 487 at 2). But, as the Court previously found in denying Plaintiff's motion to preclude Yoda's testimony (Doc. 464), Plaintiff knew of Yoda, included him in its mandatory initial discovery as an individual with relevant information, discussed him in deposition, and used an email from Yoda to support one of its claims. (Doc. 474 at 3–5). Moreover, Plaintiff learned that Defendant intended to call Yoda on February 7, 2020 (which was also the deadline for the exchange of exhibits), but it was not until over three months later that Plaintiff sought modification for that reason. (Doc. 487 at 2–3). There is no reason, that at that time (or shortly thereafter), Plaintiff could not have sought the relief it now seeks. Instead, Plaintiff waited until after the Court ruled on Plaintiff's motion to preclude Yoda's testimony—two months after it learned Defendant would call Yoda as a witness—to start reviewing what materials may be relevant to Yoda's testimony. (Doc. 487 at 3–4). Plaintiff's lack of due diligence led it to fail to seek relief from the scheduling order's deadlines when it first learned that Defendant sought to offer Yoda's testimony. Plaintiff's dilatory conduct precludes a finding of good cause to modify the deadline for exchange of exhibits. (Doc. 202).

Indeed, but for the COVID-19 pandemic, it is virtually certain that trial would have started on April 6, 2020, well over a month before Plaintiff filed the pending Motion (Doc. 487). There is no apparent reason, other than inexcusable neglect, as to why Plaintiff could not have sought this modification much sooner. Plaintiff has not shown good cause to modify the due date set by the Court's prior order (Doc. 202).[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Proposed Final Pretrial Order (Doc. 487) is **DENIED**.

Dated this 2nd day of June, 2020.

_____
James A. Teilborg
Senior United States District Judge

---

[2] Alternatively, if Rule 16(e) applies here, Plaintiff's Motion (Doc. 487) would still fail. Rule 16(e) allows for modification to a final pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). Of course, as noted above, there is no final pretrial order here, so there is nothing to modify. Nevertheless, certain portions of the Joint Proposed Final Pretrial Order (Doc. 457-1) that are not under revision are, in effect, final. (*See* Doc. 485 at 11–12 (finding four specific errors that require correction)). The consequences that arise from a party's own lack of diligence "are hardly the 'manifest injustice' Rule 16(e) was designed to allow district courts to prevent." *WLD Inv'rs, Inc., v. Xecom Corp.*, 35 F. App'x 609, 612 (9th Cir. 2002) (upholding district court's denial of motion to amend final pretrial order "[n]otwithstanding the adverse consequences of the pretrial order on [party's] ability to mount a defense" because of party's "extreme lack of diligence," which included failing to move to amend the final pretrial order until five months after it was entered). A party can only show manifest injustice in "exceptional situation[s]." *See Jauregui v. City of Glendale*, 852 F.2d 1128, 1133 (9th Cir. 1988) (finding that party's failure to "exercise . . . appropriate diligence" showed that modification was not necessary to prevent manifest injustice). For the same reasons that the Court will not modify the schedule, the Court also finds that Plaintiff has not shown that modification to the Joint Proposed Final Pretrial Order (Doc. 457-1) is necessary to prevent manifest injustice. Plaintiff's failure to exercise reasonable diligence precludes modification.