**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IceMOS Technology Corporation, | No. CV-17-02575-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Omron Corporation, | |
| Defendant. | |

Pending before the Court is Defendant Omron Corporation's Motion to Continue the Trial to November 30, 2020. (Doc. 497). Plaintiff IceMOS Technology Corporation has responded in opposition, (Doc. 508), and Defendant has replied, (Doc. 509). Plaintiff seeks leave to file a sur-reply, which has been lodged with the Court. (Doc. 510; Doc. 511). The Court now rules.

**I.   BACKGROUND**

This case is set for trial to begin on June 29, 2020. (Doc. 470; Doc. 480). The trial was originally set for April 6, 2020, but the Court vacated that start date in light of the COVID-19 pandemic. (Doc. 463). At that time, the Court sought proposed start dates for the trial from the parties. (*Id.*). Plaintiff suggested June 29 or July 27, 2020, while Defendant indicated August 24 or September 21, 2020. (Doc. 469). Defendant now seeks to continue the trial to November 30, 2020. (Doc. 497).[1]

---

[1] Alternatively, Defendant asks that the Court convert this trial from a jury trial into a bench trial. (Doc. 497 at 15–16). Plaintiff did not consent to that request, (Doc. 508; Doc. 509 at 5–6), and thus, it is denied. *See* Fed. R. Civ. P. 39(a).

## II. LEGAL STANDARD

There are four factors a court must evaluate in deciding a motion to continue: "(1) the 'diligence' of the party seeking the continuance; (2) whether granting the continuance would serve any useful purpose; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; and (4) the potential prejudice." *State Farm Fire & Cas. Co. v. Willison*, 833 F. Supp. 2d 1200, 1211 (D. Haw. 2011) (citing *United States v. Flynt*, 756 F.2d 1352, 1358–59 (9th Cir.), *amended on other grounds*, 764 F.2d 675 (9th Cir. 1985); *United States v. Kloehn*, 620 F.3d 1122, 1127–28 (9th Cir. 2010)). Although the factors must be taken together in deciding a motion to continue, "in order to succeed[,] the [movant] must show some prejudice resulting from the court's denial" of the motion to continue. *Armant v. Marquez*, 772 F.2d 552, 556–57 (9th Cir. 1985) (citation omitted); *see also Martel v. County of Los Angeles*, 56 F.3d 993, 995 (9th Cir. 1995) (en banc) ("[A] showing of prejudice is necessary to obtain reversals of decisions on continuance motions in both civil and criminal contexts."). "[T]he focus of [the] prejudice inquiry is the extent to which the aggrieved party's right to present" its case may be affected. *Kloehn*, 620 F.3d at 1128 (internal quotation marks and citation omitted); *see also Martel*, 56 F.3d at 995. ("Prejudice is measured in terms of the outcome of the trial . . . .").

## III. ANALYSIS

Defendant articulates three broad arguments for continuing the trial. First, it raises health risks due to COVID-19 to all involved in the trial. (Doc. 497 at 2). Second, Defendant asserts that trial will burden its business operations in Japan as many of its witnesses are its employees and those witnesses will be required to quarantine before and after trial for several weeks. (*Id.* at 2–3). Finally, Defendant contends its counsel "will not be able to competently represent [it] if most of its team members are not allowed in the courtroom during trial." (Doc. 497 at 2–3). The Court will now evaluate each factor of the Ninth Circuit's test in turn.

### a. Defendant's Diligence

This factor favors denial of Defendant's Motion (Doc. 497). As Plaintiff points out, the diligence inquiry relates to whether the movant was diligent in its efforts to ready its case prior to the date set for trial. *Gross*, 424 F. Supp. 3d at 802–03; *see also Flynt*, 756 F.2d at 1359 ("First, we consider the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing."). For example, in *United States v. Gross*, defendant sought a continuance because he asserted he was "hampered by the volume of data . . . and the many errors in data formatting" provided by the government. *See* 424 F. Supp. 3d at 803. The court there recognized "that document review in th[e] case [was] an enormous task" due to "the quality of the [g]overnment's" document production, but because defendant was not proactive about seeking assistance from the government, the court found that defendant had not been diligent. *See id.* at 806.

Here, Defendant makes a similar argument to the defendant in *Gross*. Essentially Defendant contends that its case will be prejudiced because of various complications due to the COVID-19 pandemic. (Doc. 497 at 2–3). Yet, many of Defendant's complaints relate to the availability of defense counsel or various witnesses. (Doc. 497). Defendant could have been proactive in seeking to ensure it could present its case without certain members of its legal team, and all parties have the responsibility of guarding against the unfortunate possibility that a witness will become unavailable at trial for whatever reason. (*See* Doc. 480 at 2 n.1). The same is true of Defendant's concerns about health risks to members of its legal team or its witnesses; it was Defendant's responsibility to ensure it had a "plan B." (*See* Doc. 513 at 45–46). Further, Defendant's complaints about the effects on its business and its concerns about the health risks to others that are not its witnesses or members of its legal team are not related to Defendant's ability to present its case, and thus, are not relevant to the Motion (Doc. 497). *See Kloehn*, 620 F.3d at 1128; *Martel*, 56 F.3d at 995. Defendant has not shown diligence.

### b. Usefulness of Continuance

As noted, Defendant asks the Court to continue the trial to November 30, 2020. (Doc. 497). But, Defendant does not explain why the issues related to the COVID-19 pandemic will be any different on November 30, 2020, as compared to June 29, 2020. Defendant has not shown that a continuance would be useful.

### c. Inconvenience

The Court does not give much weight to this factor. While Plaintiff articulates various forms of inconvenience, (Doc. 508 at 7), and though the Court has many pending matters such that granting the continuance would inconvenience the Court, there is not significant enough inconvenience to stop the Court from granting a continuance should the other factors, taken together, weigh in favor of a continuance. *See Gross*, 424 F. Supp. 3d at 806–07.

### d. Prejudice

As noted above, "the focus of [the] prejudice inquiry is the extent to which the aggrieved party's right to present" its case may be affected. *Kloehn*, 620 F.3d at 1128 (internal quotation marks and citation omitted); *see Martel*, 56 F.3d at 995. Defendant appears to articulate four forms of prejudice: (1) health risks due to COVID-19, (2) substantial hardship on Defendant's ability to present its case due to travel-related issues (which arise from the COVID-19 pandemic), (3) the Court's COVID-19 protocols will restrict the amount of team members in the courtroom, and (4) the risk of mistrial from the June 29, 2020 trial date. (Doc. 497 at 6–14). The Court discusses each asserted form of prejudice.

First, as to Defendant's concerns about the health risks due to COVID-19, (Doc. 497 at 6–10), the Court is aware of them, and this District has implemented safety precautions to mitigate those risks. *See* Gen. Order No. 20-26 (D. Ariz. May 28, 2020). "Jury trials are the bedrock of our justice system, expressly provided for in the Constitution and in the Sixth and Seventh Amendments. When each court determines that the time is right, the judiciary must reconstitute jury trials during the COVID-19

pandemic." COVID-19 Judicial Task Force, *Conducting Jury Trials and Convening Grand Juries During the Pandemic* 1 (2020), https://www.uscourts.gov/sites/default/files/combined_jury_trial_post_covid_doc_6.10.20.pdf. This District has determined that the time is right to begin jury trials in Phoenix in order to effectuate the Constitution's guarantee to jury trials. *See* Gen. Order No. 20-26. In any event, Defendant has not shown that the health risks to anyone in the courtroom will adversely affect its ability to present its case.

Second, Defendant argues there will be substantial hardship on Defendant due to the impact on Defendant's counsel and its witnesses as a result of travel restrictions related to the COVID-19 pandemic. (Doc. 497 at 10–13). Again, it is important to note that prejudice must be in the form of an adverse effect on Defendant's ability to present its case. *See Kloehn*, 620 F.3d at 1128; *Martel*, 56 F.3d at 995. To the extent any impact on travel restrictions on counsel or Defendant's witnesses affects Defendant's ability to present its case, such prejudice would be prejudice Defendant itself fomented. While the Court recognizes that these times are extraordinary, a party should always be prepared for the potential that either members of its legal team or a witness will not be available for trial. If Defendant failed to formulate a "plan B" for either scenario, any prejudicial effect is the result of Defendant's inaction, not the Court's set trial date. (*See* Doc. 513 at 45–46); *see also Gross*, 424 F. Supp. 3d at 807 (finding no prejudice as any effect on movant's case was due to movant's lack of diligence). Hardship from any COVID-19-related travel restrictions does not constitute prejudice for purposes of deciding Defendant's Motion (Doc. 497).

Third, Defendant asserts it will be prejudiced by this District's COVID-19 protocols, which were formulated to reduce the risk of transmission of COVID-19 by those in the courtroom. *See* Gen. Order No. 20-26, at 4–5. Boiled down, Defendant's complaint is that neither party "will be able to proceed with their full trial teams as planned." (Doc. 497 at 13). It is not apparent how this District's courtroom protocols will affect Defendant's ability to present its case such that it will be prejudiced. These

protocols were developed to promote safety while also allowing parties to present their case to the jury. *See* Gen. Order No. 20-26, at 1. This case is not so unique that this District's COVID-19 protocols will unduly hamper Defendant's ability to present its case.

Finally, Defendant contends the risk for mistrial creates prejudice. (Doc. 497 at 13–14). Defendant does not explain why mistrial prejudices it beyond the annoyance of having to redo trial at a later date. The Court recognizes that some inconvenience could result from a mistrial, but a mistrial will not affect Defendant's ability to present its case. Additionally, it is not clear that on November 30, 2020 that the risk from COVID-19 will be any different. The Court will not prolong trial indefinitely, and it is not apparent that going to trial now is any more problematic than doing so on November 30, 2020— Defendant's preferred start date. (Doc. 497). Defendant has not shown prejudice in the form of any effect on its ability to present its case due to the risk of mistrial.

In short, Defendant has not shown that the ability to present its case will be affected by denying its requested continuance. Thus, prejudice has not been shown.

## IV. CONCLUSION

After weighing the required factors, the Court finds that a continuance is inappropriate here. Defendant has not shown prejudice nor has it shown it acted diligent in its efforts to be ready to present its case at trial. Indeed, failure to show prejudice alone warrants denial of the Motion (Doc. 497). *Armant*, 772 F.2d at 556–57. Given this conclusion, it is unnecessary to review Plaintiff's lodged sur-reply to the Motion (Doc. 497), and thus Plaintiff's Motion for Leave to File a Sur-reply (Doc. 510) will be denied as moot.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Continue the Trial to November 30, 2020 (Doc. 497) is **DENIED**. The June 29, 2020 trial date is confirmed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Sur-reply (Doc. 510) is **DENIED** as moot.

Dated this 24th day of June, 2020.

James A. Teilborg
Senior United States District Judge