**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IceMOS Technology Corporation, | No. CV-17-02575-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Omron Corporation, | |
| Defendant. | |

Pending before the Court is Plaintiff IceMOS Technology Corporation's Motion for Reconsideration in Part of Order (Dkt. 355) and for a Ruling on Plaintiff's Request for Alternative Relief (Dkt. 468). (Doc. 524). The Court now rules.

By way of background, the Court previously held that Plaintiff's fraud claim was barred by Arizona's economic loss doctrine because "each of Plaintiff's allegations relating to Defendant's alleged fraudulent misrepresentations concern issues regarding Defendant's performance of various provisions of the Supply Agreement."[1] (Doc. 355 at 32 (citing Doc. 59 at 35–38)). Since then, Plaintiff took issue with Defendant Omron Corporation's assertion that it is not required to accept purchase orders from Plaintiff under the Supply Agreement. (Doc. 468). Defendant's argument is that, if Plaintiff's interpretation of the Supply Agreement is accepted such that Defendant must accept all of Plaintiff's purchase orders, then the Supply Agreement would be an unenforceable requirements contract, and thus, that interpretation must be rejected. (*See* Doc. 485 at 2–3, 9; *see also* Doc. 528 at 11–

---

[1] The Supply Agreement is a contract between the parties.

13). The Court termed that defense the "Contingent Invalidity Defense." (Doc. 485 at 2–3, 9). Defendant also articulated what the Court referred to as the "Complete Invalidity Defense"—that the parties' agreement was simply unenforceable. (*Id.* at 2–3). Plaintiff moved to strike these defenses, but, in the alternative, Plaintiff asked that the Court reinstate the fraud claim that the Court granted summary judgment on as Plaintiff asserted the summary judgment ruling was premised on the Court's assumption that there is an enforceable contract between the parties. (Doc. 468 at 7–8; *see also* Doc. 524 at 2).

Plaintiff's Motion to Strike (Doc. 468) was granted in part. (Doc. 485 at 14). The Court agreed with Plaintiff that Defendant was estopped from presenting the Complete Invalidity Defense. (*Id.* at 3–4). The Court concluded that the Contingent Invalidity Defense could go forward, however. (*Id.* at 4–11). In analyzing that issue, the Court summarized the defense as follows:

> Defendant argues that, if the Supply Agreement is construed as to limit its ability to reject purchase orders without requiring Plaintiff to purchase exclusively from Defendant and with no minimum purchase requirement, then there would be a lack of mutual assent for absence of material terms and lack of mutual intent to be bound, either of which would render the Supply Agreement unenforceable. . . . As such, if Defendant is correct, *then Plaintiff's interpretation must be rejected*.

(Doc. 485 at 9 (emphasis added) (citations omitted)). Consequently, unlike the Complete Invalidity Defense, the Court concluded that the Contingent Invalidity Defense may go forward because—though the parties both admitted and asserted that the Supply Agreement is enforceable—they disagree as to whether Defendant breached that agreement by refusing to accept purchase orders.

Accordingly, the Court's order (Doc. 485) had two distinct rulings. First, Defendant may not argue that the Supply Agreement is unenforceable. The Complete Invalidity Defense was therefore precluded. Second, Defendant may argue that, if Plaintiff's interpretation of the Supply Agreement would render the Supply Agreement unenforceable, then the jury must reject that interpretation.

Nowhere did the Court suggest that Defendant could assert that the Supply Agreement actually *is* unenforceable or invalid.[2] To the contrary, the Court specifically *excluded* such a defense, as noted above. As such, the Court did not need to reach Plaintiff's alternative relief of reconsidering the prior summary judgment order on Plaintiff's fraud claim.

Indeed, as Plaintiff now argues in the instant Motion (Doc. 524), "[Plaintiff] must be allowed to argue its fraud claim in the alternative to its breach of contract claims so long as [Defendant] is allowed to allege the Supply Agreement is unenforceable or invalid." (Doc. 524 at 5). That statement illustrates exactly why the Court did not previously revisit its prior summary judgment order on the economic loss doctrine and why Plaintiff's Motion (Doc. 524) should be denied. Plaintiff's Motion (Doc. 524) is premised on the incorrect notion that the Court is permitting Defendant to argue unenforceability based on contract invalidity. Instead, the Court permitted the Contingent Invalidity Defense, which deals with an issue of contract interpretation, not invalidity of the Supply Agreement.

In fact, Defendant comprehended the prior order (Doc. 485) perfectly well. A sampling of statements by Defendant in response to Plaintiff Motion's (Doc. 524) illustrates this point:

> [T]he contract enforceability question in this case involves only the preferred interpretation of "[Defendant] shall accept or reject Purchase Orders . . ." in favor of retaining validity of the Supply Agreement.
> . . . .
> . . . And to be clear, [Defendant] is only making a legal argument relating to contract construction—i.e., [Plaintiff] is not permitted to argue an interpretation of the Supply Agreement that is inconsistent with its position the Supply Agreement is enforceable. Otherwise, [Plaintiff] sets up the proverbial heads I win, tails you lose. If it twists the plain language of "[Defendant] shall accept or reject" to mean [Defendant] can never reject an order, [Plaintiff] invalidates the Supply Agreement as an indefinite quantities

---

[2] The Court recognizes that it could have come up with a better (and probably more accurate) name for Defendant's argument rather than relying on Plaintiff's shorthand for that argument (i.e., the "Contingent Invalidity Defense"). Plaintiff referred to the defense as the "Contingent Unenforceability Defense," and the Court fashioned its shorthand for the defense from there. (*See* Doc. 476 at 2). Nonetheless, for consistency, the Court will still refer to this defense as the Contingent Invalidity Defense in this Order.

> contract but opens the door for arguing removal of the ELR and re-insertion of its fraud claim.
>
> . . . .
> . . . As the Court previously recognized, [Defendant]'s argument on these points is a matter of contract construction—not a full defense of invalidity.

(Doc. 528 at 11–13 (first ellipsis in original)). In any event, the Court reiterates that the prior order (Doc. 485) permitted Defendant to argue the Contingent Invalidity Defense, which relates to an issue of contract interpretation. As previously held, Defendant is not permitted to argue that the Supply Agreement is unenforceable. (Doc. 485 at 3–4).

Because Plaintiff's Motion (Doc. 524) asking the Court to reconsider its prior summary judgment ruling is based on the incorrect premise that the Court previously held Defendant could argue that the Supply Agreement is unenforceable or invalid, the Motion (Doc. 524) will be denied. *See Bjorkstrand v. Dubose*, No. CIVS081531CMKP, 2008 WL 5397587, at *1 (E.D. Cal. Dec. 24, 2008) (denying motion for reconsideration as party seeking reconsideration misunderstood the order that party sought reconsideration of). Defendant may argue that Plaintiff's interpretation of the Supply Agreement would render the Supply Agreement unenforceable such that Plaintiff's interpretation of the agreement must be rejected (and consequently argue that there was therefore no breach of the Supply Agreement by Defendant for refusing to accept purchase orders). (*See* Doc. 485 at 9). The parties can deal with this contract interpretation issue by an appropriate motion under Federal Rule of Civil Procedure 50(a) and/or through settling of jury instructions.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion (Doc. 524) is **DENIED**.

Dated this 26th day of June, 2020.

James A. Teilborg
Senior United States District Judge